IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAMAR C. CHAPMAN III, | |
| *Plaintiff,* | 07CV6531 |
| -vs- | JUDGE CASTILLO |
| | MAGISTRATE JUDGE SCHENKIER |
| UNITED STATES MARSHAL for the NORTHERN DISTRICT of ILLINOIS; KIM WIDUP, *in his individual and official capacity;* GARTH G. REHBERG, a/k/a "The Hammer" *in his individual and official capacity;* UNKNOWN DEPUTY MARSHALS for the UNITED STATES MARSHAL GREAT LAKES FUGITIVE RECOVERY UNIT; DAVID PEARLMAN; MICHELE UTHE; and J. RUSSELL GEORGE, *in their individual capacity.* | *Civil Rights Lawsuit* *42 United States Code Sections, 1983, 1988, et al.* **JURY DEMAND** |
| *Defendants.* | **RECEIVED** APR 1 9 2007 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT |

**VERIFIED COMPLAINT**

Lamar C. Chapman III, Non-Attorney, Non-Lawyer, Plaintiff, *Pro Se*, complain of the United States Marshal Service for the Northern District of Illinois ("Marshal"); Kim Widup ("Widup"), United States Marshal for the Northern District of Illinois; Marshal Garth G. Rehberg, ("Rehberd"); Unknown Deputy Marshals for the United States Marshal Great Lakes Fugitive Recovery Unit, ("GLFRU"); and Unknown Others ("Unknown Others"), as follows:

1

## INTRODUCTION

This lawsuit is intended to redress the intentional and fundamental violations of Plaintiff's civil rights. It is apparent that the Defendants have "a real zeal for justice that is not in accordance with the law."

Plaintiff has been warned by a credible member of the state and federal bar association that "if he didn't stop doing what he is doing that certain federal employees would kill him." Plaintiff's constitutional rights were grossly suspended and violated for retaliatory purposes only to teach the Plaintiff a lesson or to "make an impression" on the Plaintiff. Plaintiff has been incarcerated in a maximum security institution on nothing more than the "say so" jurisdiction of Defendants for ten and one half (10½) months on a six (6) month sentence that has never amounted to a federal crime or federal jurisdiction. Plaintiff was arrested by local law enforcement officers without any state or federal arrest warrant or any other legal authorization. Plaintiff's residence was broken into by Defendants; searched without warrant, permission or legal authorization; and precious jewelry in the form of a thirty (30) year old wrist watch collection containing eight (8) gold watches were seized, stolen and removed from Plaintiff's residence.

Defendants lied to the United States Senator and made knowingly false statements and representations to the same who investigated Plaintiff's allegations of retaliatory imprisonment and official misconduct.

Plaintiff's wife of thirty-two (32) years was repeatedly visited at her office and harassed by Defendants along with Plaintiff's elderly mother and adult daughter with her two (2) infant children. Plaintiff was further victimized by cruel and unusual punishment by being denied daily medication for hypertension and intentionally exposed to

tuberculosis, and other fungus and viruses and emotional torture while in the unlawful and excessive "say so" federal custody of Defendants.

## SUMMARY OF ACTION

Plaintiff Lamar C. Chapman III, ("*Chapman*"), a highly decorated African-American, an alumnus of the United States Naval Academy, recipient of a Presidential Appointment (*Richard Milhous Nixon*), Congressional Nomination (*William L. Dawson*), Gubernatorial Military Commission (*Richard B. Ogilvie*), and Judicial Appointment (*Honorable Francis Barth, Circuit Court of Cook County, Illinois*) has been an outspoken critic of the federal judiciary for the Northern District of Illinois, Eastern Division and related local federal agencies and their employees for the past twenty-three (23) years. During this twenty-three (23) year period, Chapman as an activist has repeatedly lobbied Washington, DC and the presidential administrations of President Ronald Reagan and all other administrations subsequent thereto to investigate verified allegations of official misconduct, including racial discrimination in judicial rulings and procedure and has been an advocate for civil rights, due process and full and fair treatment under the law.

## JURISDICTION AND VENUE

1. Jurisdiction is proper in this Court pursuant to 28 U.S.C., Section 1331 and 28 U.S.C., Section 1343 because this action arises under the laws of the United States, specifically the United States Constitution, the First, Fifth, Eight and Fourteenth Amendments to the United States Constitution, 42 U.S.C., Section 1983 and 42 U.S.C., Section 1988.

2. Venue is proper in this District pursuant to Plaintiff's choice of venue and 28 U.S.C., Section 1391(b) because Defendants' conduct and activities giving rise to this cause of action occurred under the laws of the United States of America.

## PARTIES

3. **The United States Marshal.** Defendant United States Marshal is a federal agency and operating subsidiary of the United States Justice Department and maintains its headquarters in Washington, DC.

4. **Kim Widup.** Defendant Kim Widup at all times alleged herein is a United States Marshal with the United States Marshal Service who serves as U.S. Marshal for the Northern District of Illinois, Eastern Division. Kim Widup is sued individually and in his official capacity as an officer of the United States Marshal Service and has acted as policy maker pursuant to color of government authority vested in him by federal officials located in Washington, DC.

5. **Garth G. Rehberg.** Defendant Garth G. Rehberg a/k/a "*The Hammer*" at all times alleged herein is a federal employee employed by the United States Marshal Service who serves as U.S. Marshal Fugitive Recovery Team Leader for the Great Lakes Division. Garth G. Rehberg is sued individually and in his official capacity as an officer of the United States Marshal Service and has acted as limited and *sua sponte* policy maker and enforcer pursuant to color of government authority vested in him by his employment and by Defendant Kim Widup.

6. **Unknown United States Marshals for the Great Lakes Fugitive Recovery Unit.** Unknown United States Marshals for the Great Lakes Fugitive Recovery Unit are several federal employees who have gone unidentified and who have

searched the Plaintiff's residence and seized or stolen Plaintiff's personal property as enforcers pursuant to color of government authority vested in them by their federal employment and by Defendants Kim Widup and Garth Rehberd.

7. **David Pearlman.** Defendant David Pearlman is an employee of the United States Government as a debt collector for the United States Department of the Treasury.

8. **Michele Uthe.** Defendant Michele Uthe is an employee of the United States Government as a debt collector for the United States Department of the Treasury.

9. **J. Russell George.** Defendant J. Russell George or his predecessor in interest is an employee of the United States Government as a supervisor or manager for Defendants Michele Uthe and David Pearlman in the Arlington, Virginia Office of the Inspector General - United States Department of the Treasury.

10. **Unknown Others.** Unknown Others are local state, county, municipal and federal law enforcement employees who have gone unidentified and who have searched the Plaintiff's residence and have seized or stolen Plaintiff's personal property or individuals who looked the other way while Plaintiff's personal property was being stolen, seized or re-appropriated. Unknown Others operated as enforcers pursuant to color of government vested in them by Defendants Kim Widup, Garth Rehberd and state, county or municipal laws.

## CAMPAIGN OF HARASSMENT AND RETALIATION AGAINST PLAINTIFF

11. On Friday, February 4, 2005, Plaintiff was denied the requested benefit of counsel in a criminal proceeding in the United States District Court, for the Northern District of Illinois, Eastern Division, Judge James B. Zagel, presiding.

12. Also, on Friday, February 4, 2005, Plaintiff requested from the Court to amend Plaintiff's February 7, 2005, surrender date to facilitate Plaintiff's request to be arrested on said date in lieu of an unconstitutional surrender. The Court granted Plaintiff's request to be arrested. *See Report of Proceedings by reference made a part hereof.*

13. On Monday, February 7, 2005, Plaintiff made himself available to be arrested by Defendant Widup who failed to arrest the Plaintiff because a warrant for said arrest had not been issued by the Court.

14. On Monday, February 14, 2005, a warrant for Plaintiff's arrest was prepared by Ms. Michelle Warner, Clerk for the Defendant the United States Marshal Service. See **Exhibit, A**, *attached hereto and made a part hereof as a true and correct copy of said warrant.*

15. On Monday, February 14, 2005, **Exhibit, A** was submitted to the Federal Bureau of Investigations ("FBI") international warrant bureau without authorization of a judge of the Court.

16. On or after Monday, February 14, 2005, Plaintiff's name, identity, personal information and purported warrant were placed on the international file with the Federal Bureau of Investigations without authorization of a judge of the Court.

17. On or before April 8, 2005, Plaintiff's name was placed on Defendant United States Marshal List of wanted fugitive under the code name "Operation Falcon."

18. On or about Thursday, February 17, 2005, an Unknown Member of the United States Marshal Fugitive Recovery Team went to the offices of Plaintiff's business

6

advisement client located in Waukegan, Illinois and interrogated the owners of said business about Plaintiff's whereabouts.

19. On or before April 8, 2005, Plaintiff's residence was under surveillance by Defendant Garth G. Rehberg and Unknown Members of the United States Marshal Fugitive Recovery Team.

20. On or before April 8, 2005, an Unknown Member of the United States Marshal Fugitive Recovery Team went to the gated community of Plaintiff's residence and questioned the guards and security management on the whereabouts of Plaintiff.

21. On April 8, 2005, at the hour of 6:00 a.m., Defendant Garth G. Rehberg, David Pearlman; Michelle Uthe and Unknown Others came into the Plaintiff's gated community under "Operation Falcon."

22. Also on April 8, 2005, Plaintiff's community security management advised Defendants that Plaintiff and his wife were not home.

23. On April 8, 2005, Defendant Garth G. Rehberg; David Pearlman; Michele Uthe; and Unknown Others secured a ladder and entered the Plaintiff's residence by way of cutting the screen and entering through the second floor veranda.

24. On Monday, April 8, 2005, Defendant Garth G. Rehberg; David Pearlman; Michele Uthe; and Unknown Others with guns drawn entered Plaintiff's residence and searched the same.

25. Also, on Monday, April 8, 2005, Defendant Garth G. Rehberg; David Pearlman; Michele Uthe and Unknown Others looked under Plaintiff's mattress.

26. Also, on Monday, April 8, 2005, Defendant Garth G. Rehberg; David Pearlman; Michele Uthe and Unknown Others looked into Plaintiff's refrigerator and freezer.

27. Also, on Monday, April 8, 2005, Defendant Garth G. Rehberg; David Pearlman; Michele Uthe and Unknown Others looked into Plaintiff's closets and storage areas.

28. Also, on Monday, April 8, 2005, Defendant Garth G. Rehberg; David Pearlman; Michele Uthe and Unknown Others looked into Plaintiff's garage and interrogated Plaintiff's neighbors regarding the whereabouts of Plaintiff.

29. Also, on Monday, April 8, 2005, Defendant Garth G. Rehberg; David Pearlman; Michele Uthe and Unknown Others located a jewelry box hidden between the house plants on top of Plaintiff's sweater armoire.

30. Also, on Monday, April 8, 2005, Defendant Garth G. Rehberg; David Pearlman; Michele Uthe and Unknown Others opened the wooden jewelry box and found eight (8) expensive antique and modern collectible gold watches located in the same.

31. Also, on Monday, April 8, 2005, Defendant Garth G. Rehberg; David Pearlman; Michele Uthe and Unknown Others seized and removed Plaintiff's gold watches from Plaintiff's residence.

32. Defendants Kim Widup; J. Russell George; Garth G. Rehberg; David Pearlman; Michele Uthe and Unknown Others did not have a warrant to enter Plaintiff's residence or to search the same.

33. Defendants Kim Widup; J. Russell George; Garth G. Rehberg; David Pearlman; Michele Uthe and Unknown Others did not have Plaintiff's permission to enter Plaintiff's residence or to seize any property from the same.

34. Defendants Kim Widup; J. Russell George; Garth G. Rehberg; David Pearlman; Michele Uthe and Unknown Others did not have a warrant to search Plaintiff's residence.

35. Defendants Kim Widup; J. Russell George; Garth G. Rehberg; David Pearlman; Michele Uthe and Unknown Others did not have Plaintiff's permission to search his residence.

36. Also, on Monday, April 8, 2005, Defendants Garth G. Rehberg and Unknown Others went to the home of Plaintiff's adult and married daughter Mrs. Tonya Chapman - Thomas.

37. Defendants Garth G. Rehberg and Unknown Others surrounded Plaintiff's daughter's home and harassed Plaintiff's daughter with disparaging remarks about the Plaintiff and interrogated Plaintiff's daughter under the treat of incarceration for obstruction of justice if she failed to cooperate on the whereabouts of Plaintiff.

38. Plaintiff's juvenile and infant granddaughters have been emotionally devastated by Defendants Garth Rehberd and Unknown Others conduct as set forth herein.

39. Also, on Monday, April 8, 2005, Defendants Garth G. Rehberg and Unknown Others went to the Dolton, Illinois High School District where Plaintiff's wife is employed and interrogated Plaintiff's wife under the threat of incarceration for obstruction of justice if she failed to cooperate on the whereabouts of Plaintiff.

40. Also, on Monday, April 8, 2005, Defendants Garth G. Rehberg and Unknown Others went to the residence of Plaintiff's seventy-nine (79) year old mother and surrounded the same.

41. Also, on Monday, April 8, 2005, Defendants Garth G. Rehberg and Unknown Others interrogated Plaintiff's elderly mother and harassed the same with disparaging and threatening remarks made about the Plaintiff.

42. On or about June 7, 2005, Defendant Garth G. Rehberg and Defendant Kim Widup caused the Plaintiff to be arrested by the Franklin Park, Illinois Police Department on the purported warrant issued by Defendants.

43. On June 8, 2005, Defendant Garth G. Rehberg and/or Defendant Kim Widup telephoned the records department of the Cook County Department of Corrections and ordered the Plaintiff to be held in the county jail on a "warrant hold" when no warrant ever existed.

44. For more than ten (10) months, from June 8, 2005, through and including April 22, 2006, Plaintiff was held in the county jail without bond on a warrant hold of Defendants Kim Widup and Garth Rehberd.

45. Plaintiff has been denied property without due process of law.

46. Plaintiff has been denied liberty and liberty rights without due process of law.

47. Plaintiff has been denied privileges and freedoms guaranteed by the United States Constitution without due process of law.

48. Defendants' conduct was intentional and calculated to violate the Plaintiff's constitutional rights under the color of law.

49. Plaintiff has suffered monetary damages as a result of Defendants' unconstitutional conduct.

50. Plaintiff has suffered emotional pain and suffering as a result of Defendants' unconstitutional conduct.

51. Plaintiff has suffered damage to his good name and reputation as a result of Defendants' unconstitutional conduct.

## COUNT I

### INJUNCTIVE RELIEF

52. Plaintiff alleges paragraphs one through fifty-one as alleged herein and continues as follows:

53. Plaintiff has been harassed and will continue to be harassed unless this Court orders the parties to have no contact with each other outside these legal proceedings or pending further order of the court.

54. To grant Plaintiff's request for injunctive relief will further the interest of justice and will not harm any party to this civil rights lawsuit.

*WHEREFORE*, Plaintiff respectfully request that an order for injunctive relief is entered and that all Defendants or their agents or designated representatives are barred from engaging in any contact with the Plaintiff outside of these legal proceedings pending further order of court.

## COUNT II

### VIOLATION OF FOURTH AMENDMENT

### UNITED STATES CONSTITUTION – 42 U.S.C., Section 1983

55. Plaintiff alleges paragraphs one through fifty-one as if alleged herein and continues as follows:

56. Plaintiff has had his personal property and possessions searched without a warrant, permission or legal authorization.

57. Defendants have intentionally violated provisions of the United States Constitution which prohibits the search and seizure without a warrant, permission or legal authorization.

*WHEREFORE*, Plaintiff respectfully prays for the following relief:

A. Defendants are adjudged to have violated Plaintiff's constitutional rights and each Defendant in their individual capacity are ordered to pay compensatory damages in excess of one million dollars or such greater amount to be determined by the Court;

B. Plaintiff is awarded punitive damages in excess of five million dollars or such greater amount to be determined by the Court from each Defendant;

C. Statutory damages as allowed by the law; *and*

D. Such further relief as authorized by law including court costs and fees.

## COUNT III

### VIOLATION OF FIFTH AMENDMENT

### UNITED STATES CONSTITUTION – 42 U.S.C., Section 1983

58. Plaintiff alleges paragraphs one through fifty-one as if alleged herein and continues as follows:

59. Plaintiff has had his personal liberty restrained without warrant, legal authorization or due process of law.

60. Defendants have intentionally caused Plaintiff personal damages as a result of their actions and have intentionally violated provisions of the Fifth Amendment of the United States Constitution.

*WHEREFORE*, Plaintiff respectfully prays for the following relief:

A. Defendants are adjudged to have violated the Fifth Amendment of the United States Constitution and each Defendant is ordered to pay compensatory damages in their individual capacity in a sum in excess of five million dollars or such greater amount to be determined by the court;

B. Defendants are ordered to pay punitive damages in their individual capacity in a sum in excess of five million dollars or such greater amount to be determined by the Court;

C. Statutory damages as allowed by law; *and*

D. Such further relief as authorized by law including court costs and fees.

## IV

## COUNT FOUR

## VIOLATION OF EIGHT AMENDMENT

## UNITED STATES CONSTITUTION – 42 U.S.C., Section 1983

61. Plaintiff alleges paragraphs one through fifty-one as if alleged herein and continues as follows:

62. Plaintiff has been intentionally treated by Defendants in violation of the laws that prohibit cruel and unusual punishment.

*WHEREFORE*, Plaintiff respectfully prays for the following relief:

A. Defendants are adjudged to have violated the Eighth Amendment of the United States Constitution and each Defendant is ordered to pay compensatory damages in an amount in excess of ten million dollars or such greater amount to be determined by the Court;

B. Defendants are ordered to pay punitive damages in excess of twenty-five million dollars or such greater amount as order by the court;

C. Statutory damages as allowed by law; *and*

D. Such further relief as allowed by law including court costs and fees.

## COUNT V

## VIOLATION OF THE FOURTEENTH AMENDMENT

## THE UNITED STATES CONSTITUTION, 42 U.S.C., Section 1983

63. Plaintiff alleges paragraphs one through fifty-one as alleged herein and continues as follows:

64. Plaintiff has been intentionally treated by Defendants in violation of Plaintiff's constitutional rights which prohibits denial of due process under the law.

*WHEREFORE*, Plaintiff respectfully prays for the following relief:

A. Defendants are adjudged to have violated the Fourteenth Amendment of the United States Constitution and each Defendant is ordered to pay in their individual capacity compensatory damages in an amount of ten million dollars or such greater amount to be determined by the Court;

B. Defendants are ordered to pay punitive damages in an amount of twenty-five million dollars or such greater amount as ordered by the Court;

C. Statutory damages as ordered by the Court; *and*

D.  Such further relief as allowed by law including court costs and fees.

## COUNT VI

### VIOLATION OF THE FOURTEENTH AMENDMENT

### EQUAL PROTECTION UNDER THE LAW – 42 U.S.C., Section 1983

65.  Plaintiff alleges paragraphs one through fifty-one as if alleged herein and continues as follows:

66.  Plaintiff has been intentionally treated by the Defendants in violation of Plaintiff's constitutional rights which guarantees equal protection under the law.

*WHEREFORE*, Plaintiff respectfully prays for the following relief:

A.  That Defendants are adjudged by this Court to have violated Plaintiff's Fourteenth Amendment Rights of the United States Constitution and each Defendant is ordered to pay in their individual capacity compensatory damages in an amount of ten million dollars or such greater amount as ordered by the Court;

B.  Defendants are order to pay punitive damages in an amount of twenty-five million dollars or such greater amount as ordered by the Court;

C.  Statutory damages as ordered by the Court; *and*

D.  Such other relief as ordered by the Court including court costs and fees.

### JURY DEMAND

Plaintiff hereby demands that this matter is tried by a jury.

STATE OF ILLINOIS    )
                     ) SS
COUNTY OF **DU PAGE** )

## VERIFICATION

Lamar C. Chapman III, Non-Attorney, Non-Lawyer, Plaintiff, *Pro Se*, being first duly sworn under oath states that he has prepared the foregoing Verified Complaint and knows the contents thereof and the same is true and correct, with the exception of allegations based on information and belief and as to such allegations the Plaintiff verily believes that same to be true and correct; any and all exhibits attached to this Verified Complaint represents a true and correct copy of its original; this verified complaint is made pursuant to provisions of the law and is not interposed for bad faith or in violation of any Federal Rules of Civil Procedure. *FURTHER AFFIANT SAYETH NAUGHT.*

*Respectfully submitted,*

_____
LAMAR C. CHAPMAN III, *Solo Fides*

SUBSCRIBED AND SWORN TO BEFORE
ME THIS 9TH DAY OF APRIL, 2007.

(S E A L *of* N O T A R Y)

_____
*Signature of Notary Public*

Non-Attorney, Non-Lawyer
Plaintiff, *Pro Se*
LAMAR C. CHAPMAN III, *Solo Fides*
Alexander, Cavanaugh & Block, LLC
1314 Kensington Road
Post Office Box 5232
Oak Brook, Illinois 60523-5232
Telephone (877) 31-BLOCK
Facsimile (800) 706-5373
Direct (630) 881-1936
Email: lasallecompanies@aol.com

AO 442 (Rev. 6/97) Warrant for Arrest

# United States District Court
Northern District of Illinois
Eastern Division

United States of America

v.

Lamar Chapman

**WARRANT FOR ARREST**

Case Number: 04 cr 307-1

To: The United States Marshal
And any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest **Lamar Chapman** and bring him or her forthwith to the nearest magistrate judge to answer a(n)

Indictment ___ Information ___ Complaint ___ X Order of court ___ Violation Notice ___ Probation Violation Petition

charging him or her with: **Failure to surrender for sentencing**
(See Attachment)

in violation of Title United States Code, Section(s) _____

Yvette Pearson Issuing Officer          U.S. Deputy Clerk

[signature]
Signature of Issuing Officer            February 14, 2005; Chicago

Bail fixed at $ _____

_____, Judicial Officer

FILED
JAN 17 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| RETURN |
|---|
| This warrant was received and executed with the arrest of the above-named defendant at |

| Date Received | Name and Title of Arresting Officer | Signature of Arrest Officer |
|---|---|---|
| | | |
| Date of Arrest | | |
| 01/13/06 | DUSM GABIN C. BETHUNE | [signature] |

2006 FEB 14 PM 2:59
UNITED STATES MARSHAL
RECEIVED

EXHIBIT A

**BEFORE THE EXECUTIVE COMMITTEE
OF THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

RECEIVED
OCT 18 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| *In the Matter of:* | |
| LAMAR C. CHAPMAN III, | Civil Docket Number:<br>02 CV 6581 |
| *Petitioner.* | Honorable James B. Holdreman,<br>*Chief Judge Presiding* |
| | Restrictive Filing Order<br>Dated: September 17, 2002 |

## NOTICE OF FILING

TO: Honorable James B. Holderman      Michael W. Dobbins, Clerk
Chief Judge – U.S. District Court     Clerk of the U.S. District Court
Northern District of Illinois     Dirksen Federal Building – 20th Fl.
C/O The Executive Committee     C/O Clerk of the Filing Desk
219 South Dearborn Street     219 South Dearborn Street
Chicago, IL 60604     Chicago, IL 60604

*PLEASE TAKE NOTICE* that on Thursday, October 18, 2007, the undersigned filed this **Notice and Motion for Leave to File the Attached Verified Complaint**, with the Clerk of the United States District Court, *in the form attached hereto and served upon you herewith.*

## PROOF OF SERVICE

LAMAR C. CHAPMAN III, *Solo Fides*, Non-Attorney, Non-Lawyer, *Pro Se*, being first duly sworn under oath states that he served this Notice and all relevant attachments on the Clerk of the Court or his designated representative, with cover letter, appropriate filing fees, adequate copies of Verified Complaint, Summons, Cover Sheets, Appearance Forms and all other documents required for proper filing on Thursday, October 18, 2007, before the hour of 4:30 PM.

*Respectfully submitted,*

LAMAR C. CHAPMAN III, *Pro Se*

Non-Attorney, Non-Lawyer
Petitioner, *Pro Se*
LAMAR C. CHAPMAN III, *Solo Fides*
1314 Kensington Road – Post Office Box 5232
Oak Brook, Illinois 60523-5232
Telephone (630) 881-1936
Email: lasallecompanies@aol.com

1