IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAMAR C. CHAPMAN III, | |
| *Plaintiff,* | Case Number 1:07-cv-06531 |
| -vs- | Honorable Ruben Castillo, *Judge Presiding* |
| THE UNITED STATES MARSHAL, for the NORTHERN DISTRICT OF ILLINOIS; KIM WIDUP, *in his individual and official capacity*; GARTH G. REHBERG, a/k/a "The Hammer" *in his individual and official capacity*; UNKNOWN DEPUTY MARSHALS for the UNITED STATES MARSHAL GREAT LAKES FUGITIVE RECOVERY UNIT; DAVID PEARLMAN; MICHELE UTHE; *and* J. RUSSELL GEORGE, *in their individual capacity,* | Honorable Sidney I. Schenkier *United States Magistrate*  Civil Rights Lawsuit 42 United States Code Sections, 1983, 1988, *et al.*  Previous Case Number: 07-cv-2174 |
| *Defendants.* | |

**FILED JAN - 2 2008 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT**

**MOTION TO REINSTATE ABOVE-CAPTIONED LAWSUIT
OR IN THE ALTERNATIVE
<u>VERIFIED ADVISEMENT OF COMPLIANCE WITH RULING OF THE COURT</u>**

*NOW COMES PLAINTIFF*, Lamar C. Chapman III, Non-Attorney, Non-Lawyer, *Pro Se* and pursuant to the November 28, 2007, Order of Court and Rule 60(a) or in the alternative Rule 60(b) of the Federal Rules of Civil Procedure, *et seq.*, respectfully moves this Honorable Court to vacate said order erroneously dismissing the above-captioned civil rights complaint. And in support of this motion, and for this Honorable Court to make a reasonable decision, Plaintiff respectfully states as follows:

<u>**INTRODUCTION**</u>

As with previously litigated civil rights lawsuits this lawsuit is "cut and dried." See unreported opinion in *Lamar C. Chapman III vs. Gasperec, et al.*, Case Number 96-cv-5299, Honorable James B. Moran, Senior United States District Judge Presiding.

1

On April 8, 2005, Defendants came upon the guarded and gated residential community of the Plaintiff without any warrants whatsoever; damaged the exclusive, luxurious and historic residential property upon an aggravated burglarized entry; thoroughly searched the residence; and without any lawful authorization whatsoever removed (*stole, appropriated and converted*) a gold antique wrist watch collection valued at more than thirty-five thousand dollars ($35,000.00).

On April 9, 2007, the unrepresented Plaintiff filed with the Clerk of the Court *via* first class mail a Verified Six Count Civil Rights Complaint, including all of the required forms, copies and paid the required filing fee. On May 16, 2007, this Court *sua sponte*, summarily and incorrectly dismissed this lawsuit *"because the Plaintiff did not get permission from the Executive Committee to file this lawsuit; and Plaintiff's lawsuit relates to a federal criminal case and appears to be barred by principles of qualified and official immunity."*

On October 16, 2007, this Honorable Court denied the Plaintiff's five (5) months pending, May 18, 2007, Motion for Reconsideration.

On October 18, 2007, the unrepresented Plaintiff diligently filed a Motion for Leave to File with the Clerk of the Court to be heard by the Executive Committee of the United States District Court for the Northern District of Illinois, Eastern Division, Honorable James F. Holderman, Chief Judge Presiding. *By reference said Executive Committee Motion is respectfully made a part hereof.*

Based on information and belief, the distinguished, retired, presidential (Richard Milhous Nixon) appointed, Naval Officer, African American Plaintiff believes that he has been immorally targeted for indifference with impermissible treatment for racially motivated reasons. The statutorily prohibited elements of a hate crime are lucid and vividly apparent.

## STATEMENT OF FACTS

1. On November 13, 2007, the Executive Committee of the United States District Court for the Northern District of Illinois granted the unrepresented Plaintiff leave to file the above-captioned lawsuit with entry of the attached Order of Court. See, **Exhibit Group A**, *attached hereto and made a part hereof.*

2. On November 20, 2007, the Clerk of the Court following the admonishment and order of the Executive Committee re-filed Plaintiff's April 19, 2007, Verified Civil Rights Complaint without any notice to the Plaintiff.

3. On November 28, 2007, this Court, once again summarily and incorrectly dismissed Plaintiff's civil rights lawsuit and admonished Plaintiff to file a written statement which details how he has complied with the prior rulings of this Court. *See Docket of the Court attached hereto at* **Exhibit Group, A***, and made a part hereof.*

4. The unrepresented Plaintiff has never received any notice whatsoever of the November 28, 2007, Docket entry of this Honorable Court and came across the same on December 31, 2007, while randomly checking his online PACER account for un-notified and related court filings. Moreover, the law does not support the Court's spontaneous pleading requirements and new conditions placed on the unrepresented Plaintiff's "Post Executive Committee Ruling."

5. The Non-Attorney, Non-Lawyer, unrepresented Plaintiff has complied with each and every one of the unconstitutionally elevated, unlawfully exaggerated and "un-relaxed" pleading requirements of the Executive Committee and this Court. What is more, Plaintiff's claims rest on 42 U.S.C., Section 1983, and there are no heightened pleading requirements for *pro se* plaintiffs under that statute. See, *Crawford-El v. Britton*, 523 U.S. 574 (1998); *Leatherman v. Tarrant County*, 507 U.S. 163 (1993).

3

6. Based on information and belief, there are no provisions in law, fact or equity to allow any defendant, federal employee or otherwise to burglarize Plaintiff's residence, enter and search the same without any search warrant issued by any court or executed by any judge, and then skirt the lawful penalties for civil rights redress and well-settled provisions of the United States Constitution with a frivolous and morally unwarranted claim for qualified and official immunity. See *Anderson v. Creighton*, 483 U.S. 635, 646 n 6 (1987); see also, *Hope v. Pelzer*, 536 U.S. 730, 741 (2002).

7. Plaintiff has "clearly demonstrated the violation of a constitutional right that is clearly established at the time of the violation, so that a reasonable public official would have known that his conduct was unlawful." Quoting: *Sonnleitner v. York*, 304 F. 3d 704, 716 (7th Cir. 2002); see also, *Saucier v. Katz*, 533 U.S. 194, 200-02 (2001).

8. Considering the totality of the circumstances and with all due respect, this Honorable Court may have inadvertently affirmed the Defendants' unconstitutional conduct and their flagrant, morally unconscionable, criminal act of aggravated residential burglary. It sadly appears to any reasonably minded person that the Defendants are attempting to exercise implied and undue influence before this Honorable Court. Please be respectfully reminded that misconduct affirmed is still misconduct. *See September 24, 2007, Verified Complaint and Supplemental Complaint filed with the Department of Justice - Office of Professional Responsibility, by reference made a part hereof.*

9. The Plaintiff's civil rights complaint is supported by the forty-seven (47) year old Supreme Court landmark holding in *Mapp v. Ohio*, 367 U.S. 643 (1961), which provides in relevant parts:

> "[t]he right of the people to be secure in their persons,
> houses, papers, and effects, against unreasonable searches
> and seizures, shall not be violated." U.S. Const. amend. IV
> and *Katz v. United States*, 389 U.S. 347 (1967)

4

10. Since the legally unauthorized entry of the Executive Committee's September 17, 2002, restrictive filing order, or anytime prior thereto, this Honorable Court respectfully must take under advisement that the unrepresented Plaintiff has never been denied any access to the courts; or has had his absolute right to seek constitutional civil rights redress denied; nor has he ever been disciplined by any judge of this Court for the breach or violation of any rule, statute, admonishment, code or law. In fact, almost twenty-two (22) years ago, sometime in October, 1986, this Court, Honorable Milton I. Shadur, Sr. Judge Presiding found Plaintiff to be "*ingenious.*" See unreported opinion in *Christopher LaSalle and Company, Incorporated vs. Heller Financial, Incorporated*, 86-cv-6001, (*denied Petition to Quash Plaintiff's Corporate Vail*). Mr. Morton Denlow, *Esq.*, of the law firm Dardick and Denlow, Ltd., (*now a sitting magistrate judge*) represented Plaintiff's unsuccessful opponent.

11. This Honorable Court respectfully should not further victimize the unrepresented Plaintiff by placing itself into a position to require the African American Plaintiff to have to prove his worthiness to be treated in accordance with the United States Constitution and its well-settled edicts of due process or equal protection under the law.

12. It is apparent that the unrepresented Plaintiff has complied with any and all rulings of this Honorable Court. There are no reasons in law, fact or equity to further delay the Plaintiff in filing the above-captioned meritorious civil rights lawsuit. The old adage of "…Justice delayed, is justice denied" seems to be appropriate in this setting.

13. Unfortunately, Defendants herein continue to unwarrantedly expand their rights under the law by unlawfully reducing the rights of the unrepresented Plaintiff. We must not allow this to happen. This Honorable Court has an inherent and moral obligation to protect the God-given rights of the unrepresented Plaintiff who willingly

stand in sacrifice by circumstance for the People of the United States of America. Together, as God is our witness we hold these Truths to be self-evident..., "because in the eyes of God all Men are created equal, and they are indeed endowed by their Creator with certain unalienable Rights..." It is these rights that are at issue before this Honorable Court today! This Court has no option but to allow the Law of God to prevail. The moral principles matter greatly and eternally drives this endless pursuit for justice. Considering the foregoing, this Honorable Court is respectfully, lawfully obligated and duly required to "Let Freedom Ring."

14.     The unrepresented Plaintiff should not have to be reduced to begging for civil rights that were morally established as his birthright and lawful citizenship in our Nation. Even illegal residents of this great Nation are constitutionally protected and allowed to be seated at the table of justice and partake of federally protected civil rights rightfully secured by the United States Constitution.

15.     Under the penalties of perjury, the undersigned certify that the foregoing Motion and statements made herein or in the alternative the foregoing Statement of Advisement are true and correct.

WHEREFORE, Lamar C. Chapman III, Non-Attorney, Non-Lawyer, Plaintiff, *Pro Se*, respectfully prays that for the reasons set forth herein, this Court will allow the above-captioned verified civil rights complaint to be fully reinstated and for such further relief that is morally and lawfully warranted. GOD SAVE AMERICA...GOD BLESS THIS HONORABLE COURT.

*Respectfully submitted,*

LAMAR C. CHAPMAN III, Plaintiff, *Pro Se*

DATED: December 31, 2007

6

Non-Attorney, Non-Lawyer
Plaintiff, *Pro Se*
LAMAR C. CHAPMAN III, *Solo Fides*
Alexander, Cavanaugh & Block, LLC
1314 Kensington Road
Post Office Box 5232
Oak Brook, IL 60523-5232
Telephone (630) 881-1936
Email: lasallecompanies@aol.com

# PLAINTIFF'S EXHIBIT GROUP, A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In the Matter of            )
                            )          Civil Action No.
Lamar Chapman III           )          02 C 6581
       Plaintiff, *pro se*  )

## EXECUTIVE COMMITTEE ORDER

IT APPEARING THAT on September 17, 2002, an Executive Committee order was entered, limiting filings by Mr. Lamar Chapman III, and

IT FURTHER APPEARING THAT on October 18, 2007, Mr. Chapman submitted documents for filing, and

IT FURTHER APPEARING THAT at its November 8, 2007 meeting, the Executive Committee granted Mr. Chapman leave to file, now therefore

IT IS HEREBY ORDERED That Mr. Lamar Chapman III is granted leave to file his documents submitted to on October 18, 2007, and

**IT IS FURTHER ORDERED** That the Clerk shall cause a copy of this order to be mailed to Mr. Chapman at 1314 Kensington Road, P.O. Box 5232, Oak Brook, Illinois 60523-5232, the address given by Mr. Chapman in the papers submitted on October 18, 2007. Such mailing shall be by certified or registered mail, return receipt requested.

ENTER:
FOR THE EXECUTIVE COMMITTEE

_____
James F. Holderman
Chief Judge

Dated at Chicago, Illinois this 13th day of November, 2007.



## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| LAMAR C. CHAPMAN III, | ] |
| Plaintiff, | ] |
| -vs- | ] 07CV6531 |
| | ] JUDGE CASTILLO |
| UNITED STATES MARSHAL | ] MAGISTRATE JUDGE SCHENKIER |
| for the NORTHERN DISTRICT | ] |
| of ILLINOIS; KIM WIDUP, *in his* | ] *Civil Rights Lawsuit* |
| *individual and official capacity;* | ] *42 United States Code* |
| GARTH G. REHBERG, a/k/a | ] *Sections, 1983, 1988, et al.* |
| "The Hammer" *in his individual and* | ] |
| *official capacity;* UNKNOWN DEPUTY | ] **JURY DEMAND** |
| MARSHALS for the UNITED STATES | ] |
| MARSHAL GREAT LAKES FUGITIVE | ] |
| RECOVERY UNIT; DAVID PEARLMAN;] | |
| MICHELE UTHE; and J. RUSSELL | ] **RECEIVED** |
| GEORGE, *in their individual capacity.* | ] |
| | ] APR 1 9 2007 |
| Defendants. | ] |
| | MICHAEL W. DOBBINS |
| | CLERK, U.S. DISTRICT COURT |

### VERIFIED COMPLAINT

Lamar C. Chapman III, Non-Attorney, Non-Lawyer, Plaintiff, *Pro Se*, complain of the United States Marshal Service for the Northern District of Illinois ("Marshal"); Kim Widup ("Widup"), United States Marshal for the Northern District of Illinois; Marshal Garth G. Rehberg, ("Rehberd"); Unknown Deputy Marshals for the United States Marshal Great Lakes Fugitive Recovery Unit, ("GLFRU"); and Unknown Others ("Unknown Others"), as follows:

1

OFFICE OF
CLERK OF THE U.S. DISTRICT COURT
UNITED STATES COURT HOUSE
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60604

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

CHICAGO IL 606

Lamar Chapman III
Alexander, Cavanaugh & Block, LLC
1314 Kensington Road
P.O. Box 5232
Oak Brook, IL 60532

7002 2410 0004 0702 4924



SCHENKIER, TERMED

## United States District Court
## Northern District of Illinois - (Chicago)
## CIVIL DOCKET FOR CASE #: 1:07-cv-06531

Chapman et al v. Widup et al
Assigned to: Honorable Ruben Castillo
Cause: 42:1983 Civil Rights Act

Date Filed: 04/19/2007
Date Terminated: 11/28/2007
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Lamar C Chapman, III**    represented by    **Lamar C Chapman, III**
1314 Kensington Road
Post Office Box 5232
Oak Brook, Il 60523-5232
(630)881-1936
PRO SE

**Plaintiff**

**United States Marshal for the Northern District of Illinois**    represented by    **AUSA**
United States Attorney's Office (NDIL)
219 South Dearborn Street
Suite 500
Chicago, IL 60604
(312) 353-5300
Email: USAILN.ECFAUSA@usdoj.gov

*ATTORNEY TO BE NOTICED*

V.
**Defendant**

**KIm Widup**
*in his individual and official capacity,*

**Defendant**

**Garth G. Rehberg**
*in his individual and official capacity,*
*also known as*
"The Hammer"

**Defendant**

**Unknown Deputy Marshals for the United States Marshal Great Lakes Fugitive Recovery Unit**

**Defendant**

**David Pearlman**

**Defendant**

**Michele Uthe**

**Defendant**

**J. Russell George**
*in their individual capacity,*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/19/2007 | 1 | RECEIVED Verified Complaint and no copies by Lamar C Chapman, III, (Exhibit); Notice. (ar, ) (Entered: 11/20/2007) |
| 11/28/2007 | 2 | MINUTE entry before Judge Ruben Castillo :This lawsuit appears to be a refiling of lawsuit 07 C 2174 which was dismissed by this Court on 5/16/2007. This |

|  |  | case is hereby dismissed without prejudice until Plaintiff files a written statement which details how he has complied with the prior rulings of this Court.Mailed notice (rao, ) (Entered: 11/28/2007) |
|---|---|---|

| PACER Service Center |||||
|---|---|---|---|---|
| Transaction Receipt |||||
| 12/31/2007 16:50:12 |||||
| PACER Login: | cl0914 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:07-cv-06531 |
| Billable Pages: | 1 | Cost: | 0.08 |

UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 3.0
Eastern Division

Lamar C Chapman III, et al.

                    Plaintiff,

v.                                        Case No.: 1:07−cv−06531
                                              Honorable Ruben Castillo

KIm Widup, et al.

                    Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Wednesday, November 28, 2007:

      MINUTE entry before Judge Ruben Castillo :This lawsuit appears to be a refiling of lawsuit 07 C 2174 which was dismissed by this Court on 5/16/2007. This case is hereby dismissed without prejudice until Plaintiff files a written statement which details how he has complied with the prior rulings of this Court.Mailed notice(rao, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

# NOTICE OF FILING – PROOF OF SERVICE

Case 1:07-cv-02174 Document 6 Filed 05/16/2007 Page 1 of 1

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 07 C 2174 | DATE | 5/16/2007 |
| CASE TITLE | Lamar C. Chapman III vs. U.S. Marshal for the Northern District of Illinois, et al. | | |

**DOCKET ENTRY TEXT**

After a careful review of this recently filed pro se complaint, the Court hereby dismisses said complaint for the following reasons: (1) Plaintiff did not receive permission from the Executive Committee to file this lawsuit; and (2) Plaintiff's lawsuit relates to a federal criminal case and appears to be barred by principles of qualified and official immunity.

Docketing to mail notices.

Courtroom Deputy Initials: RO

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAMAR C. CHAPMAN III, ]<br><br>Plaintiff, ]<br>-vs- ]<br>]<br>THE UNITED STATES MARSHAL, ]<br>for the NORTHERN DISTRICT OF ]<br>ILLINOIS; KIM WIDUP, *in his individual* ]<br>*and official capacity*; GARTH G. ]<br>REHBERG, a/k/a "The Hammer" *in his* ]<br>*individual and official capacity*; ]<br>UNKNOWN DEPUTY MARSHALS for ]<br>the UNITED STATES MARSHAL ]<br>GREAT LAKES FUGITIVE ]<br>RECOVERY UNIT; DAVID ]<br>PEARLMAN; MICHELE UTHE; *and* ]<br>J. RUSSELL GEORGE, *in their* ]<br>*individual capacity*, ]<br>]<br>Defendants. ] | **Case Number 1:07-cv-06531**<br><br>Honorable Ruben Castillo,<br>*Judge Presiding*<br><br>Honorable Sidney I. Schenkier<br>*United States Magistrate*<br><br>*Civil Rights Lawsuit*<br>*42 United States Code*<br>*Sections, 1983, 1988, et al.* |

## NOTICE OF FILING

TO:   Patrick J. Fitzgerald, *Esq.*          William W. Dobbins
      United States Attorney                  Clerk of the Court
      c/o Thomas P. Walsh, *Esq.*             Eastern Division
      Assistant United States Attorney        Everett McKinley Dirksen
      219 South Dearborn Street               United States Courthouse - 20th Floor
      Chicago, IL 60604                       219 South Dearborn Street
                                              Chicago, IL 60604

      *SEE ATTACHED SERVICE LIST*

   *PLEASE TAKE NOTICE* that on Wednesday, January 2, 2008, the undersigned filed with the Clerk of the Court **MOTION FOR REINSTATEMENT OF LAWSUIT**, *as attached hereto and served upon you herewith.*

## PROOF OF SERVICE

   LAMAR C. CHAPMAN III, Non-Attorney, Non-Lawyer, Plaintiff, *Pro Se*, being first duly sworn and under oath, and in consideration of the penalties of perjury states that he served this Notice and all relevant attachments on the above-named parties or their designated representative *via* first class United States Mail, addressed as indicated and mailed from the United States Postal Facility located at Adams and Dearborn Streets, Chicago, Illinois 60604 with proper postage fully prepaid on Wednesday, January 2, 2008, before the hour of 5:00 PM.

                                     _____
                                     LAMAR C. CHAPMAN III, Plaintiff, *Pro Se*