UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAMAR C. CHAPMAN III, ) | |
| ) | |
| Plaintiff, ) | No. 07 C 6531 |
| ) | |
| v. ) | |
| UNITED STATES MARSHAL for the ) | Judge Castillo |
| Northern District of Illinois, *et al,* ) | |
| ) | |
| Defendants. ) | |

## MOTION TO DISMISS

Defendants, through their attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, move pursuant to Fed. R. Civ. P. 12(b)(2), (4) and (5) to dismiss the complaint for failure of service of process and lack of personal jurisdiction, and in support thereof state as follows:

1.  Fed. R. Civ. P. 4(m) allows a plaintiff 120 days to effect service. Chapman filed his complaint on April 19, 2007. Nearly a year later, Chapman has still not served any defendant, despite being told in open court on March 5, 2007, that the United States Attorney would accept official-capacity service on the 5th Floor of this courthouse (transcript attached as Ex. A) and despite being advised in writing of the procedure which the Federal Rules require for service of process on federal officers (letter attached as Ex. B).

2.  Fed. R. Civ. P. 4(m) provides that if service is not effected within 120 days, the court shall dismiss the action without prejudice or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. Chapman did not request and the court did not grant any extension

of the 120-day period, and Chapman does not have good cause for his failure to effect service. Accordingly, Chapman's complaint should be dismissed.

3. Chapman's complaint names as defendants the United States Marshal's Service; Kim Widup, the United States Marshal for the Northern District of Illinois; Deputy Marshal Garth Rehberg; Treasury Special Agent Michelle Uthe; IRS Revenue Officer David Perlman[1]; and J. Russell George, the Inspector General of the United States Treasury Department. In addition to the official-capacity claim against the Marshals Service, the complaint seeks damages from the individual defendants in their personal capacities.

4. Treasury Inspector General George is located in Washington, D.C. The complaint does not state and there does not appear to exist a basis for personal jurisdiction over Inspector General George even apart from the failure of service.

5. Chapman's complaint was initially docketed as Case No. 07 C 2174, and this court dismissed the complaint on May 16, 2007, because (1) Chapman had not obtained permission from the Executive Committee to file the lawsuit; and (2) the lawsuit relates to a federal criminal case and appears to be barred by principles of qualified and official immunity. Order of May 16, 2007 (Docket Entry 6). Thereafter, Chapman obtained permission from the executive committee and re-filed the suit on or about November 20, 2007. This court again *sua sponte* dismissed the case on November 28, 2007, but reinstated it after Chapman showed he had obtained permission from the executive committee, and on January 15, 2008, this court entered an order directing Chapman to "immediately" serve the complaint. Order of January 15, 2008 (Docket Entry 5).

---

[1] The complaint misspells Officer Perlman's name as "Pearlman."

6.      Fed. R. Civ. P. 4(i)(1) and (2) set forth the procedure to followed in order to serve the United States and federal agencies.  To serve the United States, a plaintiff must "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office." Fed. R. Civ. P. 4(i)(1). To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, "a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2) .

7.      Fed. R. Civ. P. 4(i)(3) sets forth the procedure for serving a federal employee sued in an individual capacity.  "To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)." *Id.*   Rule 4(e) permits service under applicable state rules and by "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."[2]  Fed. R. Civ. P. 4(e)(2).

---

[2] Subparts (f) and (g) pertain to serving individual in a foreign country and serving minor and incompetent persons.

8.      Six original summons and six copies were issued to defendants in this case on April 19, 2007 (Docket Entry 5 in Case No. 07 C 2174), and apparently reissued under the new case number on January 17, 2008. No separate docket entry shows the issuance of the second set of summons, but Chapman filed returns of service with copies of a second set of summons which bear this date. Rule 4(a) states that a summons must "state the time within which the defendant must appear and defend." The summons to the individual defendants are defective in that they erroneously state that the individual defendants are required to answer the complaint within 20 days after service. A United States employee sued in an individual capacity for official acts has 60 days from service on the employee or service on the United States, whichever is later. Fed. R. Civ. P. 12(a)(3). Rule 4(c) provides that a summons may be served by any person at least 18 years of age and *not a party*.

9.      According to the returns of service which he filed, Chapman mailed copies of the summons and complaint to 950 Pennsylvania Ave., N.W., Washington, D.C. (the address of the Attorney General). (Docket Entries 10-17 in Case No. 07 C 6531) This mailing does not comply with Rule 4(i) as to any of the defendants. As to his official-capacity claim, Chapman has not served the United States Attorney and thus has not complied with Rule 4(i)((1) or (2). *Tuke v. United States*, 76 F.3d 155, 157 (7th Cir.1996) (stating that a plaintiff must comply with both prongs of 4(i)(1) "for good reason: that's what the rule says"); *McMasters v. United States*, 260 F.3d 814, 817 (7th Cir. 2001), citing *Tuke* and holding that the plaintiff's *pro se* status did not excuse her failure to comply with Rule 4(i). Neither has Chapman made any effort to effect personal service on the law enforcement officers that he states he wants to sue in an *individual* capacity as required by Rule 4(i)(3).

10.     The undersigned AUSA appeared at the March 5, 2008 hearing and advised the court and Chapman that service had not been effected on any party and that a mailing to the Attorney General did not comply with the Federal Rules. Ex. A at 3. We pointed out that service of a claim against the United States could be accomplished on the 5th floor of the courthouse building, at the United States Attorney's Office reception desk. *Id.* at 5-6. The court stated that it "would assume, Mr. Chapman, that you can obtain that service [on the 5th floor] by the end of the week," and based on this assumption ordered the United States to answer or otherwise plead within thirty days thereafter. *Id.* at 6.

11.     Chapman failed to effect service on the United States Attorney's Office within the time allotted by the court. In response to this failure, the undersigned sent a letter to Chapman on March 21, 2008, again stating that service had not been accomplished as to any of the defendants, that defendants were not waiving service, and directing Chapman's attention to the provisions of Fed. R. Civ. P. 4(i) (quoted above) which state how service must be accomplished as to the official and individual-capacity claims. The letter also included a copy of the rule. Chapman has not served the United States Attorney's Office and has apparently made no effort to serve any of the individual defendants.

12.     Chapman is not an ordinary *pro se* plaintiff. He is an experienced litigant whose "prolific" filings of frivolous lawsuits resulted in an Executive Committee regulatory order which requires pre-screening of new cases. *See In re Chapman*, 328 F.3d 903 (7th Cir. 2003) (affirming Executive Committee order). Chapman does not have good cause for his failure to effect service of process in this case. *Tuke* 76 F.3d at 156 ("Failure to read a rule is the antithesis of good cause.").

This court may reasonably dismiss the action for failure of service and lack of personal jurisdiction over the parties.

WHEREFORE, this court should dismiss plaintiff's complaint.

    Respectfully submitted,

    PATRICK J. FITZGERALD
    United States Attorney

By: s/ Jonathan C. Haile
    JONATHAN C. HAILE
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 886-2055
    jonathan.haile@usdoj.gov

**CERTIFICATE OF SERVICE**

     The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document:

**MOTION TO DISMISS**

was served pursuant to the district court's ECF system as to ECF filers, if any, and was sent by first-class mail on April 11, 2008, to the following non-ECF filers:

*Pro Se*

Lamar C. Chapman, III
1314 Kensington Road
Post Office Box 5232
Oak Brook, IL 60523-5232

                                         By: s/ Jonathan C. Haile
                                              JONATHAN C. HAILE
                                              Assistant United States Attorney
                                              219 South Dearborn Street
                                              Chicago, Illinois 60604
                                              (312) 886-2055
                                              jonathan.haile@usdoj.gov