*EXHIBIT A*

```
 1              IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                      EASTERN DIVISION

 3
    LAMAR C. CHAPMAN, III,        )
 4                                )
                   Plaintiff,     )
 5   -vs-                         )
                                  )
 6  UNITED STATES MARSHAL FOR THE )
    NORTHERN DISTRICT OF ILLINOIS;)
 7  KIM WIDUP, in his individual  )
    and official capacity; GARTH  )  Case No. 07 C 6531
 8  G. REHBERG, in his individual )
    and official capacity, also   )  Chicago, Illinois
 9  know as "The Hammer"; UNKNOWN )  March 5, 2008
    DEPUTY MARSHALS FOR THE UNITED)  9:34 a.m.
10  STATES MARSHAL GREAT LAKES    )
    FUGITIVE RECOVERY UNIT; DAVID )
11  PEARLMAN; MICHELE UTHE; J.    )
    RUSSELL GEORGE, in their      )
12  individual capacity,          )
                                  )
13                 Defendants.    )

14
                  TRANSCRIPT OF PROCEEDINGS
15           BEFORE THE HONORABLE RUBEN CASTILLO

16  APPEARANCES:

17  For the Plaintiff:    MR. LAMAR C. CHAPMAN, III
                          Pro Se
18                        1314 Kensington Road
                          Post Office Box 5232
19                        Oak Brook, IL  60523-5232
                          (630) 881-1936
20

21  Court Reporter:

22            KATHLEEN M. FENNELL, CSR, RMR, FCRR
                    Official Court Reporter
23                 United States District Court
          219 South Dearborn Street, Suite 2144-A
24                   Chicago, Illinois  60604
                 Telephone:  (312) 435-5569
25       email:  Kathleen_Fennell@ilnd.uscourts.gov
```

```
 1   APPEARANCES:  (Cont'd)

 2   For the U.S.
     Attorney's Office:   HON. PATRICK J. FITZGERALD
 3                        UNITED STATES ATTORNEY
                          BY:  MR. JONATHAN C. HAILE
 4                        219 South Dearborn Street
                          Chicago Illinois 60604
 5                        (312) 353-5300

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1      (Proceedings heard in open court:)
2              THE CLERK:  07 C 6531, Chapman versus United States
3   Marshals.
4              MR. CHAPMAN:  Good morning, your Honor.  My name is
5   Lamar Chapman.  I'm a non-attorney pro se, and this is my
6   motion for a default order.
7              THE COURT:  Okay.
8              MR. HAILE:  Good morning, your Honor.  Jonathan Haile
9   from the United States Attorney's Office.
10             THE COURT:  Okay.  I take it the United States is
11  going to appear -- when is your answer due in this case?
12             MR. HAILE:  Judge, there hasn't been -- I don't
13  represent anybody in this case at this point.  I'm just here
14  as a courtesy.  There hasn't been service on anyone.
15             THE COURT:  Okay.
16             MR. CHAPMAN:  Your Honor, that's not true.  Service
17  was effectuated on January the 31st, and that service was
18  effectuated on the Attorney General in accordance to the
19  rules.
20             THE COURT:  Are you claiming, Mr. Haile, that service
21  has not been effected?
22             MR. HAILE:  Right.  Well, apparently he mailed copies
23  of summons to the Attorney General.  It looks like this is
24  a --
25             THE COURT:  No, I think there's much more than that.

1  Have you looked at the case docket?
2          MR. HAILE:  Yes, I have.
3          THE COURT:  Okay.  The case docket shows that the --
4  there are summonses being returned as executed on all
5  defendants with some answers due on 3-31-08.  That's the case
6  with regard to defendants Pearlman, Uthe, also George.
7          MR. HAILE:  Well, when I looked at the -- I saw the
8  summons were attached to his default motion and the
9  certificate of service there shows that the only service that
10 he represented there is that he mailed copies to the Attorney
11 General in Washington.
12         THE COURT:  Okay.
13         MR. HAILE:  And, you know, as far as I'm aware, there
14 hasn't been service on any of the defendants.
15         MR. CHAPMAN:  Your Honor, according to the rules, an
16 agent of the United States or an employee of the United States
17 can be served by the United States Attorney General; and in
18 accordance with the rules, the civil process clerk received a
19 summons of this court on January the 31st.
20         Also in accordance to those rules, Mr. Kim Widup,
21 Mr. Garth Rehberg, Mr. David Pearlman, Ms. Michele Uthe and
22 Mr. J. Russell George, their answer or appearance was supposed
23 to be filed on February 19, 2008.
24         Your Honor, this -- this case was first before this
25 Court sometime in April 2007.  On April 27th, 2007, I asked

1  all the defendants if they would waive service of summons in
2  this matter.  They've had more than -- almost one year
3  knowledge of this case.
4           THE COURT:  They didn't agree to waive service --
5           MR. CHAPMAN:  No, sir.
6           THE COURT:  -- right?
7           Let me just stop you, Mr. Chapman.
8           MR. HAILE:  When that case -- I believe the case was
9  previously filed --
10          THE COURT:  We don't need to go through all that.
11 Let me just tell you, I'm in the middle of a jury trial right
12 now.  It involves serious charges, so I don't have time to
13 waste with the machinations of this.  Do you understand this?
14          MR. CHAPMAN:  Yes, sir, I do.
15          THE COURT:  Okay.  Is the U.S. going to accept
16 service of this case?  Just tell me right now.
17          MR. HAILE:  If it's an official capacity suit, all
18 he has to do is serve the Attorney General and serve our
19 office right downstairs on the fifth floor, so I mean that's
20 not a problem with respect to service.
21          I don't represent anybody else in the case at this
22 point, so I can't make any representations.  If he pursues it
23 as a *Bivens* action, I assume they'll want me to represent
24 them, but I just got the case this week.
25          THE COURT:  I didn't get an answer, sir, to my

1  question.  Are you going to accept service if service is made
2  on the fifth floor?
3        MR. HAILE:  Sure.  For the -- in an official capacity
4  suit, yes.
5        THE COURT:  I'm going to assume, Mr. Chapman, that
6  you can obtain that service by the end of the week.  I'm going
7  to give the United States 30 days thereafter to answer or
8  otherwise plead to this complaint.
9        If you don't answer or otherwise plead, I will grant
10 this default and you can go up to the 7th Circuit Court of
11 Appeals and we'll see how they feel about this.
12       I just want to get this case going.  Am I making
13 myself clear, Mr. Haile?
14       Am I making myself clear?
15       MR. HAILE:  I -- I think I certainly can file a
16 response on behalf of the United States within 30 days, your
17 Honor.
18       THE COURT:  Okay.  Let's set this for a status.
19       MR. CHAPMAN:  Your Honor, there is a status scheduled
20 sometime in April.
21       THE COURT:  Okay.  Give me that date, Ruth.
22       THE CLERK:  That's April 1st, Judge.
23       THE COURT:  Okay.  That's too soon, so we'll vacate
24 that status.
25       Let's set it for a status on April 22nd at 9:30 in

```
 1  the morning.
 2          I'll see you then.  Have a good day.
 3          MR. CHAPMAN:  Thank you very much, your Honor.
 4  (Which were all the proceedings heard.)
 5                      CERTIFICATE
 6  I certify that the foregoing is a correct transcript from
 7  the record of proceedings in the above-entitled matter.
 8
 9  _____          ____4-7-08____
    Kathleen M. Fennell                Date
10  Official Court Reporter
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

*EXHIBIT B*



U. S. Department of Justice



United States Attorney
Northern District of Illinois

| | | |
|---|---|---|
| Jonathan C. Haile<br>Assistant United States Attorney | Dirksen Federal Courthouse<br>219 South Dearborn Street, Fifth Floor<br>Chicago, Illinois 60604 | Direct Line: (312) 886-2055<br>Fax: (312) 886-4073 |

March 21, 2008

Lamar Chapman, III
1314 Kensington Road
Post Office Box 5232
Oak Brook, Illinois 60523-5232

    Re:    *Chapman v. U.S. Marshal et al.*, No. 07 C 6531

Dear Mr. Chapman:

    The requirements for service of process are set forth in Rule 4(i) of the Federal Rules of Civil Procedure, a copy of which is enclosed for your reference. As we made clear at the last court hearing, service has not been accomplished as to any of the defendants, and there has been no waiver of service.

                                  Very truly yours,

                                  PATRICK J. FITZGERALD
                                  United States Attorney

                           By:  */s/ Jonathan Haile*
                                JONATHAN C. HAILE
                                Assistant United States Attorney
                                219 South Dearborn Street
                                Chicago, Illinois 60604
                                (312) 886-2055
                                jonathan.haile@usdoj.gov

enclosure

# RULES OF CIVIL PROCEDURE
## FOR THE
## UNITED STATES DISTRICT COURTS [1]

### Effective September 16, 1938, as amended to December 1, 2007

TITLE I. SCOPE OF RULES; FORM OF ACTION

### Rule 1. Scope and Purpose

These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.

(As amended Dec. 29, 1948, eff. Oct. 20, 1949; Feb. 28, 1966, eff. July 1, 1966; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 30, 2007, eff. Dec. 1, 2007.)

### Rule 2. One Form of Action

There is one form of action — the civil action.

(As amended Apr. 30, 2007, eff. Dec. 1, 2007.)

TITLE II. COMMENCING AN ACTION; SERVICE OF PROCESS, PLEADINGS, MOTIONS, AND ORDERS

### Rule 3. Commencing an Action

A civil action is commenced by filing a complaint with the court.

(As amended Apr. 30, 2007, eff. Dec. 1, 2007.)

### Rule 4. Summons

(a) CONTENTS; AMENDMENTS.
 (1) *Contents.* A summons must:
  (A) name the court and the parties;
  (B) be directed to the defendant;
  (C) state the name and address of the plaintiff's attorney or — if unrepresented — of the plaintiff;
  (D) state the time within which the defendant must appear and defend;
  (E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint;
  (F) be signed by the clerk; and
  (G) bear the court's seal.
 (2) *Amendments.* The court may permit a summons to be amended.

---

[1] Title amended December 29, 1948, effective October 20, 1949.

(1)

**Rule 4**   FEDERAL RULES OF CIVIL PROCEDURE   2

(b) ISSUANCE. On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. A summons — or a copy of a summons that is addressed to multiple defendants — must be issued for each defendant to be served.

(c) SERVICE.

(1) *In General.* A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

(2) *By Whom.* Any person who is at least 18 years old and not a party may serve a summons and complaint.

(3) *By a Marshal or Someone Specially Appointed.* At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

(d) WAIVING SERVICE.

(1) *Requesting a Waiver.* An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons. The notice and request must:

   (A) be in writing and be addressed:
      (i) to the individual defendant; or
      (ii) for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;
   (B) name the court where the complaint was filed;
   (C) be accompanied by a copy of the complaint, 2 copies of a waiver form, and a prepaid means for returning the form;
   (D) inform the defendant, using text prescribed in Form 5, of the consequences of waiving and not waiving service;
   (E) state the date when the request is sent;
   (F) give the defendant a reasonable time of at least 30 days after the request was sent — or at least 60 days if sent to the defendant outside any judicial district of the United States — to return the waiver; and
   (G) be sent by first-class mail or other reliable means.

(2) *Failure to Waive.* If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:

   (A) the expenses later incurred in making service; and
   (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

(3) *Time to Answer After a Waiver.* A defendant who, before being served with process, timely returns a waiver need not

3            FEDERAL RULES OF CIVIL PROCEDURE            **Rule 4**

serve an answer to the complaint until 60 days after the request was sent — or until 90 days after it was sent to the defendant outside any judicial district of the United States.

(4) *Results of Filing a Waiver.* When the plaintiff files a waiver, proof of service is not required and these rules apply as if a summons and complaint had been served at the time of filing the waiver.

(5) *Jurisdiction and Venue Not Waived.* Waiving service of a summons does not waive any objection to personal jurisdiction or to venue.

(e) SERVING AN INDIVIDUAL WITHIN A JUDICIAL DISTRICT OF THE UNITED STATES. Unless federal law provides otherwise, an individual — other than a minor, an incompetent person, or a person whose waiver has been filed — may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

(f) SERVING AN INDIVIDUAL IN A FOREIGN COUNTRY. Unless federal law provides otherwise, an individual — other than a minor, an incompetent person, or a person whose waiver has been filed — may be served at a place not within any judicial district of the United States:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

(B) as the foreign authority directs in response to a letter rogatory or letter of request; or

(C) unless prohibited by the foreign country's law, by:

(i) delivering a copy of the summons and of the complaint to the individual personally; or

(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

(g) SERVING A MINOR OR AN INCOMPETENT PERSON. A minor or an incompetent person in a judicial district of the United States must be served by following state law for serving a summons or like process on such a defendant in an action brought in the

**Rule 4**         FEDERAL RULES OF CIVIL PROCEDURE         4

courts of general jurisdiction of the state where service is made. A minor or an incompetent person who is not within any judicial district of the United States must be served in the manner prescribed by Rule 4(f)(2)(A), (f)(2)(B), or (f)(3).

(h) SERVING A CORPORATION, PARTNERSHIP, OR ASSOCIATION. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

    (1) in a judicial district of the United States:
        (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
        (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and — if the agent is one authorized by statute and the statute so requires — by also mailing a copy of each to the defendant; or
    (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

(i) SERVING THE UNITED STATES AND ITS AGENCIES, CORPORATIONS, OFFICERS, OR EMPLOYEES.

    (1) *United States.* To serve the United States, a party must:
        (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought — or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk — or
        (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
        (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
        (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

    (2) *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

    (3) *Officer or Employee Sued Individually.* To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

    (4) *Extending Time.* The court must allow a party a reasonable time to cure its failure to:

5　　　　FEDERAL RULES OF CIVIL PROCEDURE　　　**Rule 4**

    (A) serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States; or
    (B) serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee.
  (j) SERVING A FOREIGN, STATE, OR LOCAL GOVERNMENT.
    (1) *Foreign State.* A foreign state or its political subdivision, agency, or instrumentality must be served in accordance with 28 U.S.C. § 1608.
    (2) *State or Local Government.* A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
      (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
      (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.
  (k) TERRITORIAL LIMITS OF EFFECTIVE SERVICE.
    (1) *In General.* Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant:
      (A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located;
      (B) who is a party joined under Rule 14 or 19 and is served within a judicial district of the United States and not more than 100 miles from where the summons was issued; or
      (C) when authorized by a federal statute.
    (2) *Federal Claim Outside State-Court Jurisdiction.* For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:
      (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and
      (B) exercising jurisdiction is consistent with the United States Constitution and laws.
  (*l*) PROVING SERVICE.
    (1) *Affidavit Required.* Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.
    (2) *Service Outside the United States.* Service not within any judicial district of the United States must be proved as follows:
      (A) if made under Rule 4(f)(1), as provided in the applicable treaty or convention; or
      (B) if made under Rule 4(f)(2) or (f)(3), by a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee.
    (3) *Validity of Service; Amending Proof.* Failure to prove service does not affect the validity of service. The court may permit proof of service to be amended.
  (m) TIME LIMIT FOR SERVICE. If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on

Rule 4.1     FEDERAL RULES OF CIVIL PROCEDURE     6

its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

(n) ASSERTING JURISDICTION OVER PROPERTY OR ASSETS.

(1) *Federal Law.* The court may assert jurisdiction over property if authorized by a federal statute. Notice to claimants of the property must be given as provided in the statute or by serving a summons under this rule.

(2) *State Law.* On a showing that personal jurisdiction over a defendant cannot be obtained in the district where the action is brought by reasonable efforts to serve a summons under this rule, the court may assert jurisdiction over the defendant's assets found in the district. Jurisdiction is acquired by seizing the assets under the circumstances and in the manner provided by state law in that district.

(As amended Jan. 21, 1963, eff. July 1, 1963; Feb. 28, 1966, eff. July 1, 1966; Apr. 29, 1980, eff. Aug. 1, 1980; Jan. 12, 1983, eff. Feb. 26, 1983; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 17, 2000, eff. Dec. 1, 2000; Apr. 30, 2007, eff. Dec. 1, 2007.)

### Rule 4.1. Serving Other Process

(a) IN GENERAL. Process — other than a summons under Rule 4 or a subpoena under Rule 45 — must be served by a United States marshal or deputy marshal or by a person specially appointed for that purpose. It may be served anywhere within the territorial limits of the state where the district court is located and, if authorized by a federal statute, beyond those limits. Proof of service must be made under Rule 4(*l*).

(b) ENFORCING ORDERS: COMMITTING FOR CIVIL CONTEMPT. An order committing a person for civil contempt of a decree or injunction issued to enforce federal law may be served and enforced in any district. Any other order in a civil-contempt proceeding may be served only in the state where the issuing court is located or elsewhere in the United States within 100 miles from where the order was issued.

(As added Apr. 22, 1993, eff. Dec. 1, 1993; amended Apr. 30, 2007, eff. Dec. 1, 2007.)

### Rule 5. Serving and Filing Pleadings and Other Papers

(a) SERVICE: WHEN REQUIRED.

(1) *In General.* Unless these rules provide otherwise, each of the following papers must be served on every party:

(A) an order stating that service is required;

(B) a pleading filed after the original complaint, unless the court orders otherwise under Rule 5(c) because there are numerous defendants;

(C) a discovery paper required to be served on a party, unless the court orders otherwise;

(D) a written motion, except one that may be heard ex parte; and

(E) a written notice, appearance, demand, or offer of judgment, or any similar paper.