1

```
 1                  IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                            EASTERN DIVISION

 3
    LAMAR C. CHAPMAN, III,           )
 4                                   )
                      Plaintiff,     )
 5   -vs-                            )   Case No. 07 C 6531
                                     )
 6   UNITED STATES MARSHAL FOR THE   )   Chicago, Illinois
     NORTHERN DISTRICT OF ILLINOIS,  )   April 22, 2008
 7   et al.,                         )   9:44 a.m.
                                     )
 8                    Defendants.    )

 9
                         TRANSCRIPT OF PROCEEDINGS
10                 BEFORE THE HONORABLE RUBEN CASTILLO

11   APPEARANCES:

12   For the Plaintiff:      MR. LAMAR C. CHAPMAN, III
                             Pro se
13                           1314 Kensington Road
                             Post Office Box 5232
14                           Oak Brook, IL  60523-5232
                             (630) 881-1936
15
     For the Defendants:     HON. PATRICK J. FITZGERALD
16                           UNITED STATES ATTORNEY
                             BY:  MR. JONATHAN C. HAILE
17                           219 South Dearborn Street
                             Chicago Illinois 60604
18                           (312) 353-5300

19

20

21   Court Reporter:

22            KATHLEEN M. FENNELL, CSR, RMR, FCRR
                     Official Court Reporter
23                  United States District Court
            219 South Dearborn Street, Suite 2144-A
24                    Chicago, Illinois  60604
                   Telephone:  (312) 435-5569
25          email:  Kathleen_Fennell@ilnd.uscourts.gov
```

1      (Proceedings heard in open court:)
2              THE CLERK:   07 C 6531, Chapman versus U.S. Marshal.
3              THE COURT:   Good morning.
4              MR. CHAPMAN:   Good morning, your Honor.   I'm Lamar
5   Chapman, non-attorney, plaintiff pro se.
6              MR. HAILE:   Good morning, your Honor.   Jonathan Haile
7   for defendants.
8              THE COURT:   Okay.   Seems like you're going at cross
9   purposes.   Let's take up plaintiff's motion for default order.
10  Who are you seeking to default?
11             MR. CHAPMAN:   Your Honor, I was seeking the default
12  against the individual defendants who have not appeared and --
13  who have been served and have not appeared, answered or pled.
14             THE COURT:   That's the defendants, the Marshal Kim
15  Widup --
16             MR. CHAPMAN:   Yes, sir.
17             THE COURT:   -- Defendant Rehberg, it's R-E-H-B-E-R-G,
18  Defendant Pearlman, Defendant Uthe, U-T-H-E, and Defendant
19  George?
20             MR. CHAPMAN:   Yes, it is.
21             THE COURT:   What's your response?
22             MR. HAILE:   Your Honor, those defendants have not
23  been served.   We filed a motion to dismiss for lack of
24  service.
25             THE COURT:   You're filing a motion to dismiss as it

1  pertains to these particular defendants?
2          MR. HAILE:  As it pertains to all the defendants.
3          THE COURT:  As it pertains to all the defendants for
4  lack of service.
5          MR. HAILE:  Yes.
6          MR. CHAPMAN:  Your Honor, what I would like to do,
7  the government's motion it's factually and lawfully
8  inaccurate, and I would respectfully request 21 days for the
9  record to place my objections to that motion in writing.
10         THE COURT:  Well, you don't even have to do that,
11 Mr. Chapman.  I'm going to deny the government's motion
12 without prejudice.
13         First of all, you're calculating the time period
14 wrong.  You're calculating the fact of when Mr. Chapman filed
15 his complaint.  You're not taking into consideration that he
16 needed to get permission from the Executive Committee to
17 proceed with this lawsuit.
18         Is there a reason you've done it that way?
19         MR. HAILE:  Well, your Honor, the 120 days has
20 expired if you calculate it to when he refiled the lawsuit on
21 November 20, 2007.  It also expires --
22         THE COURT:  I don't think he even received permission
23 at that point.
24         MR. CHAPMAN:  That's not true.
25         THE COURT:  You need to count from when he received

1 permission from the Executive Committee.

2     MR. HAILE:  Well, I believe that would be before
3 November 20th of 2007.  He initially filed his complaint
4 April 19, 2007, just about exactly a year ago.  It was
5 dismissed.  He got permission from the Executive Committee to
6 refile it.  I don't have the -- that date in front of me --

7     THE COURT:  Right.

8     MR. HAILE:  -- but the date that he did refile it,
9 November 20th --

10     THE COURT:  I think you need to start counting from
11 January 15th, 2008, when I entered a motion and reinstated the
12 plaintiff's pro se complaint and gave him permission to
13 proceed with service.

14     So if we started counting from then, has your
15 120 days expired?

16     MR. HAILE:  It has not, and, in fact, he served our
17 office on April 15th.  So the time for the government to
18 respond to his complaint is June 16th.

19     THE COURT:  Okay.  How about the other defendants?

20     MR. HAILE:  He's not served them.

21     MR. CHAPMAN:  Your Honor, that's not accurate.

22     THE COURT:  Okay.

23     MR. CHAPMAN:  The other defendants, your Honor, have
24 been served by certified mail, return receipt requested.  The
25 United States Attorney in Washington, D.C. was served sometime

1  in December '06.
2          THE COURT:  Okay.  Let me tell you this, Mr. Chapman.
3  First of all, I'm not picking on you at all, any pro se
4  litigant who appears before me -- and you can see me every day
5  as far as I'm concerned and see me handle all my cases -- I
6  really urge you to obtain an attorney.
7          First of all, they're going to fight you all the way
8  with regard to this lawsuit, every single step of the way.
9  The last time this case was up, I asked Mr. Haile on behalf of
10 the government to voluntarily accept service.  It's clear to
11 me that they're not going to do that.  So they're counting
12 very strictly 120 days from January 15th for you to effectuate
13 service, and all you need to do is to look at their motion to
14 dismiss that I've denied today.  I haven't required you to
15 take any briefing.
16         But it seems to me that the 120 days then would be
17 about four months from January 15th, which tells me that the
18 time for you to effectuate perfect service in this case, which
19 is what you're going to need, is about May 15th.  So make sure
20 you do that.
21         MR. CHAPMAN:  Yes, sir.
22         THE COURT:  I'm going to set this case for a status
23 after responsive pleadings are due.  The first responsive
24 pleading would be due when, Mr. Haile?
25         MR. HAILE:  June 16th.

1    THE COURT:  Okay.  Let's see where we are on
2 June 19th.  Is that a good date, Ruth, as far as you know?
3    THE CLERK:  It is.
4    THE COURT:  9:45 for a status.
5    In the meantime, plaintiff's motion for a default
6 order is denied, and the government's motion to dismiss is
7 denied without prejudice.
8    Thank you.
9    MR. HAILE:  Thank you.
10   MR. CHAPMAN:  Thank you very much.
11   (Which were all the proceedings heard.)
12                        CERTIFICATE
13   I certify that the foregoing is a correct transcript from
14 the record of proceedings in the above-entitled matter.
15 /s/Kathleen M. Fennell            June 9, 2008
16 _____        _____
   Kathleen M. Fennell                   Date
17 Official Court Reporter
18
19
20
21
22
23
24
25