

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

LAMAR C. CHAPMAN III,

                  *Plaintiff,*

    *-vs-*

THE UNITED STATES MARSHAL,
for the NORTHERN DISTRICT OF
ILLINOIS; KIM WIDUP, *in his individual
and official capacity;* GARTH G.
REHBERG, a/k/a "The Hammer" *in his
individual and official capacity;*
UNKNOWN DEPUTY MARSHALS for
the UNITED STATES MARSHAL
GREAT LAKES FUGITIVE RECOVERY
UNIT; DAVID PEARLMAN; MICHELE
UTHE; *and* J. RUSSELL GEORGE, *in their
individual capacity,*

                  *Defendants.*

**Case Number 1:07-cv-06531**

Honorable Ruben Castillo,
*Judge Presiding*

Honorable Sidney I. Schenkier
*United States Magistrate*

*Civil Rights Lawsuit
42 United States Code
Sections, 1983, 1988, et al.*

Previous Case Number: 07–cv-2174

F I L E D
JUN 11, 2008
JUN 1 1 2008 JH
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## MOTION TO COMPEL DEFENDANTS TO RESPOND TO DISCOVERY; TO SUBMIT TO DEPOSITIONS AND MOTION FOR SANCTIONS

*NOW COMES THE PLAINTIFF,* Lamar C. Chapman III, *Solo Fides,* Non-

Attorney, Non-Lawyer, *Pro Se* and pursuant to Rule 37 of the Federal Rules of Civil

Procedure, respectfully moves this Honorable Court for an Order Compelling the

Defendants to Respond to Plaintiff's Discovery; to Submit to Scheduled Depositions; to

Cooperate in Discovery; and for Sanctions. For this Honorable Court to make a

reasonable decision, Plaintiff respectfully states as follows:

    1.    On February 21, 2008, this Honorable Court entered its order instructing

the Defendants to make a Rule 26(a)(1) disclosure to Plaintiff by March 31, 2008, and for

the closer and completion of all discovery on or before June 30, 2008. See, **Exhibit A,**

*attached hereto and made a part hereof as a true and correct copy of the Order of Court.*

1

2.    On May 29, 2008, the unrepresented Plaintiff, gave Notice of Depositions to the Counsel for the Government, Mr. Jonathan C. Haile, *Esq.*, and scheduled the depositions (Rule 30 of the Federal Rules of Civil Procedure) of all Defendants for Tuesday, June 10, 2008, beginning at the hour of 10:00 AM. See, **Exhibit Group B**, *attached hereto and made a part hereof as a true and correct copy of the Notice of Depositions and the Discovery propounded upon the Defendants.*

3.    Also, on May 29, 2008, the unrepresented Plaintiff, caused to be served on Counsel for the Defendants with Notice, Interrogatories to Party (Rule 33 of the Federal Rules of Civil Procedure); Request to Admit (Rule 36 of the Federal Rules of Civil Procedure); and a Notice to Produce (Rule 34 of the Federal Rules of Civil Procedure). See, **Exhibit Group B**, *attached hereto and made a part hereof.*

4.    Defendants have failed to comply, cooperate or object to discovery. Well-settled Rules of the Federal Rules of Civil Procedure, specifically Rule 37 of the Federal Rules of Civil Procedure and Local Rules of the United States District Court, LR33.1 and LR37.1, *et al.*, have been intentionally violated by the Defendants in this matter. And the February 21, 2008, Order of Court which places a June 30, 2008, deadline on discovery has been knowingly assailed by the Defendants to warrant penalties as provided by law. Moreover, the Defendants have deliberately failed to file any lawful objections to any of Plaintiff's discovery, including the scheduled depositions or to seek any extension of time to respond to the unrepresented Plaintiff's liberal request for discovery.

5.    The Defendants have failed to comply with fundamental principals of the Rules of the Court; the Federal Rules of Civil Procedure and the edicts of due process. Rule 37 (c), (1)(2) of the Federal Rules of Civil Procedure makes provisions for a party's failure to disclose information or to admit genuineness of any document or the truth of

any matter as required under Rule 36 of the Federal Rules of Civil Procedure, including, but not limited to monetary sanctions for reasonable expenses incurred or default orders.

6.    This Honorable Court has a long-history of dealing with litigants who intentionally, deliberately, erroneously or circumstantially fail to comply with the rules for discovery.  Consider the affirmed decision of the bankruptcy court in <u>Lamar C. Chapman III vs. Charles Schwab and Company, Incorporated, or In the Matter of Chapman</u>, 265 B.R. 796, 802 (2001).  In this case, Plaintiff's daughter away from home for the first time and attending college - DePaul University had to be air-lifted to Mount Sinai Trauma Center in Chicago after being cut out of the passenger-side of an automobile, which had been in a head-on collision with an eighteen (18) wheeler.  The unrepresented Plaintiff was before the bankruptcy court, Honorable Jack B. Schmetterer, Judge presiding on an expedited (14 days) briefing on Charles Schwab's 700 page (including exhibits) Motion for Summary Judgment.  The unrepresented, Plaintiff asked the bankruptcy court for a two (2) day emergency extension of time to be with his daughter through her initial reconstructive and life-saving surgeries; to complete his answers to discovery; and to respond to Charles Schwab's voluminous Motion for Summary Judgment.  See, **Exhibit C**, *attached hereto and made a part hereof.*

7.    The Court refused the unrepresented, Plaintiff's "good faith" and morally warranted request!  Also, no where in our civilized system of justice has anyone ever been "*intellectually crucified*" or treated with the following, unconscionable indifference:

8.    The bankruptcy court ruled against the unrepresented, Plaintiff on "uncontested grounds" (failure to complete discovery, file evidence, object or attend the hearing), and as a sanction against the *Pro Se*, unrepresented, Plaintiff, allowed all of the evidence of Charles Schwab to be admitted as "uncontested."  The bankruptcy court's abuse of discretion was affirmed in a thirty-one page, (31) harshly written Opinion of the

3

Court, authored by Honorable Harry D. Leinenweber, which was also affirmed by the
United States Court of Appeal for the Seventh Circuit. And in addition, the Executive
Committee of the United States District Court for the Northern District of Illinois,
Eastern Division, Honorable Charles P. Kocoras, Chief Judge presiding (without
*inpersonam* or subject matter jurisdiction) entered an Order restricting any new filings for
the unrepresented, Plaintiff in this judicial district. *See also, Plaintiff's May 2, 2002,*
*Petition for Enbanc Consideration, by reference made a part hereof.*

9.      Plaintiff's Petition for *Enbanc* Consideration constituted forbidden writing
and caused the distinguished, African – American (Presidential Appointment;
Congressional Nomination; Gubernatorial Military Commission; and Judicial
Appointment), unrepresented, Plaintiff to spend ten (10 ½) and one half months in prison
so that the "*Courts could make an impression on him.*" Quoting the Honorable James B.
Zagel, in The United States vs. Lamar Chapman, Case Number 04-cr-0307, *see Report of*
*Proceedings for Sentencing Hearing, October 4, 2004, by reference made a part hereof.*

10.      Although the Defendants herein have offered no reasons in law, fact or
equity for ignoring the February 21, 2008, Order of the Court and their obligations to
comply with discovery request, if the doors of justice are allowed to swing in both
directions, then the unrepresented, Plaintiff may be entitled to "extreme" and "morally
unwarranted" sanctions against the government Defendants as well. *See, copies of the*
*written correspondence attached hereto and made a part hereof as* **Exhibit, D**.

11.      As Required by Rule 37(a), (A), of the Federal Rules of Civil Procedure,
the unrepresented, Plaintiff hereby include and make the following required Certification:

Lamar C. Chapman III, *Solo Fides*, Non-Attorney, Non-Lawyer, Plaintiff and
Movant, *Pro Se*, hereby certifies that he has in good faith conferred with Mr. Jonathan C.
Haile, *Esq.*, Assistant United States Attorney and Counsel for the Defendants, and the

parties not making the disclosure in writing, *via* facsimile delivery; *via* email; and by telephone calls in an effort to secure the disclosure without Court action. Due to no fault of the unrepresented, Plaintiff, Defendants have deliberately and intentionally failed to comply with the Local Rules of the Court; Federal Rules of Civil Procedure; or to cooperate with the unrepresented, Plaintiff in his discovery efforts, leaving no choice but for the unrepresented, Plaintiff to seek Court intervention.

   *WHEREFORE*, Plaintiff, Lamar C. Chapman, III, *Solo Fides*, Non-Attorney, Non-Lawyer, *Pro Se*, respectfully prays that this Honorable Court, Honorable Rueben Castillo, Judge presiding will grant this motion and compel the Defendants to comply with discovery and scheduled depositions or in the alternative to enter a default judgment as a sanction for Defendants' flagrant refusal to comply with the February 21, 2008, Order of Court and Rules of the Court as set forth in the foregoing. God Bless This Court. GOD BLESS AMERICA!

   *Very Respectfully Submitted,*

   _____
   LAMAR C. CHAPMAN III, Plaintiff, *Pro Se*

**DATED: June 11, 2008**

Non-Attorney, Non-Lawyer
Plaintiff, *Pro Se*
LAMAR C. CHAPMAN III, *Solo Fides*
Alexander, Cavanaugh & Block, LLC
1314 Kensington Road
Post Office Box 5232
Oak Brook, IL 60523-5232
Telephone (630) 881-1936
Email: lasallecompanies@aol.com

   *"We Are All Tied Together In A Single Garment of Destiny."*

   Dr. Martin Luther King, Jr.

# PLAINTIFF'S EXHIBIT, A

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 3.0
## Eastern Division

Lamar C Chapman III

                                         Plaintiff,

v.                                                          Case No.:
                                                            1:07–cv–06531
                                                            Honorable Ruben
                                                            Castillo

United States Marshal for the Northern District of
Illinois, et al.

                                         Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, February 21, 2008:

      MINUTE entry before Judge Ruben Castillo :Status hearing held on 2/21/2008 and continued to 4/1/2008 at 9:00 a.m. Plaintiff appeared pro se. Plaintiff indicated that he has served all defendants and made the required Rule 26(a) disclosure to defendants. All defendants to make a Rule 26(a)(1) disclosure to plaintiff by 3/31/2008. All discovery to be completed on or before 6/30/2008. Any dispositive motions are to be filed on or before 7/30/2008. Mailed notice(rao, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov.*

# PLAINTIFF'S EXHIBIT GROUP, B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

LAMAR C. CHAPMAN III,       ]

                  ]

             *Plaintiff,*  ]

   -*vs*-              ]

                  ]

THE UNITED STATES MARSHAL,  ]

for the NORTHERN DISTRICT OF  ]

ILLINOIS; KIM WIDUP, *in his individual* ]

*and official capacity*; GARTH G.  ]

REHBERG, a/k/a "The Hammer" *in his* ]

*individual and official capacity*;  ]

UNKNOWN DEPUTY MARSHALS for ]

the UNITED STATES MARSHAL  ]

GREAT LAKES FUGITIVE RECOVERY ]

UNIT; DAVID PEARLMAN; MICHELE ]

UTHE; *and* J. RUSSELL GEORGE, *in their*]

*individual capacity*,       ]

            *Defendants.*  ]

                  ]

**Case Number 1:07-cv-06531**

Honorable Ruben Castillo,
*Judge Presiding*

Honorable Sidney I. Schenkier
*United States Magistrate*

*Civil Rights Lawsuit*
*42 United States Code*
*Sections, 1983, 1988, et al.*

Previous Case Number: 07–cv-2174

### NOTICE OF DEPOSITION

TO:    Patrick J. Fitzgerald, *Esq.*
       United States Attorney
       c/o Jonathan C. Haile, *Esq.*
       Assistant United States Attorney
       219 South Dearborn Street
       Chicago, IL 60604



    *YOU ARE HEREBY NOTIFIED* that pursuant to the Joint Status Report and Order of the Court, the depositions of Defendants **Michele Uthe; Garth Rehberg; Yvette Pearson; Kim Widup; David Pearlman; Clark Marquez; Paul Banos; Sean O'Neal and Margaret Walden** will be taken for the purpose of discovery before a notary public in the State of Illinois beginning at the hour of 10:00 a.m., on Tuesday, June 10, 2008, at the offices of Esquire Deposition Services, located at 155 North Wacker Drive, Suite 1001, Chicago, Illinois 60606. Interrogatories to be propounded to said witness(s) orally and continue from day to day until complete or recessed by the Court.

### CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of the foregoing instrument was served upon the above-named deponent and agent for the defendants by enclosing same in an envelope, addressed as indicated and mailed from the United States Postal Facility in Oak Brook, Illinois with proper postage fully prepaid on Thursday, May 29, 2008, before the hour of 7:00 P.M.

LAMAR C. CHAPMAN III, *Solo Fides*

NON-ATTORNEY, NON-LAWYER
PLAINTIFF, *PRO SE*
Lamar C. Chapman III, *Solo Fides*
Alexander, Cavanaugh & Block, LLC
1314 Kensington Road – POB 5232
Oak Brook, IL 60523-5232
Telephone (630) 881-1936

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

LAMAR C. CHAPMAN III,                    ]

                    *Plaintiff,*    ]

  -vs-                    ]

THE UNITED STATES MARSHAL,    ]
for the NORTHERN DISTRICT OF    ]
ILLINOIS; KIM WIDUP, *in his individual*    ]
*and official capacity*; GARTH G.    ]
REHBERG, a/k/a "The Hammer" *in his*    ]
*individual and official capacity*;    ]
UNKNOWN DEPUTY MARSHALS for    ]
the UNITED STATES MARSHAL    ]
GREAT LAKES FUGITIVE RECOVERY    ]
UNIT; DAVID PEARLMAN; MICHELE    ]
UTHE; *and* J. RUSSELL GEORGE, *in their*]
*individual capacity*,    ]
                 *Defendants.*    ]
                         ]

**Case Number 1:07-cv-06531**

Honorable Ruben Castillo,
*Judge Presiding*

Honorable Sidney I. Schenkier
*United States Magistrate*

*Civil Rights Lawsuit*
*42 United States Code*
*Sections, 1983, 1988, et al.*

Previous Case Number: 07–cv-2174



## NOTICE OF DISCOVERY

TO:    Patrick J. Fitzgerald, *Esq.*
       United States Attorney
       c/o Jonathan C. Haile, *Esq.*
       Assistant United States Attorney
       219 South Dearborn Street
       Chicago, IL 60604

    *PLEASE TAKE NOTICE* that Plaintiff Lamar C. Chapman III, Non-Attorney, Non-Lawyer, *Pro Se* caused to be served upon you his **REQUEST FOR DISCOVERY; FIRST SET OF INTERROGATORIES; REQUEST FOR PRODUCTION;** and **REQUEST TO ADMIT,** *as attached hereto and served upon you herewith.*

### PROOF OF SERVICE

    Lamar Chapman III, Non-Attorney, Non-Lawyer, Plaintiff, *Pro Se* being first duly sworn under oath deposes and states that he served this Notice and copies of all relevant attachments on the above-named attorney *via* first class United States Mail by mailing the same in an envelope, addressed as indicated and mailing the same from the United States Postal Facility, located in Oak Brook, Illinois with proper fully prepaid on Thursday, May 29, 2008.

_____

LAMAR C. CHAPMAN III, Plaintiff, *Pro Se*

**DATED:  May 29, 2008**

Non-Attorneys, Non-Lawyers
Plaintiff, *Pro Se*
LAMAR CHAPMAN III, *Solo Fides*
Alexander, Cavanaugh & Block, LLC
1314 Kensington Road
Post Office Box 5232
Oak Brook, IL 60523-5232
Telephone (630) 881-1936
Email: lasallecompanies@aol.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

LAMAR C. CHAPMAN III,     ]
                                  ]
                *Plaintiff,*  ]
    -vs-                      ]
                                    ]
THE UNITED STATES MARSHAL,  ]
for the NORTHERN DISTRICT OF  ]
ILLINOIS; KIM WIDUP, *in his individual*  ]
*and official capacity*; GARTH G.  ]
REHBERG, a/k/a "The Hammer" *in his*  ]
*individual and official capacity*;  ]
UNKNOWN DEPUTY MARSHALS for  ]
the UNITED STATES MARSHAL  ]
GREAT LAKES FUGITIVE RECOVERY  ]
UNIT; DAVID PEARLMAN; MICHELE  ]
UTHE; *and* J. RUSSELL GEORGE, *in their*  ]
*individual capacity,*  ]
                *Defendants.*  ]
                                    ]

**Case Number 1:07-cv-06531**

Honorable Ruben Castillo,
*Judge Presiding*

Honorable Sidney I. Schenkier
*United States Magistrate*

*Civil Rights Lawsuit*
*42 United States Code*
*Sections, 1983, 1988, et al.*

Previous Case Number: 07–cv-2174

## REQUEST FOR PRODUCTION

TO:    Patrick J. Fitzgerald, *Esq.*
        United States Attorney
        c/o Jonathan C. Haile, *Esq.*
        Assistant United States Attorney
        219 South Dearborn Street
        Chicago, IL 60604



    *YOU ARE HEREBY NOTIFIED* that pursuant to the Joint Status Report and Order of the Court, the following Interrogatories for Defendants are submitted herewith:

### Request For Production Number One

    Produce any and all documents of any nature whatsoever relating in any way to the foregoing or above Interrogatories.

### Request For Production Number Two

    Produce any and all documents or information to substantiate the Defendants' defense against the allegations and claims and prayer for relief as set forth in Plaintiff's Civil Rights Complaint.

### Request For Production Number Three

    Produce any and all documents or information to substantiate the Defendants' defense against the allegations or facts in the preparation; authorization; distribution; execution; and

1

dissemination of any arrest warrants, search warrants or any warrant of any kind issued or relating in any way to the foregoing or above Interrogatories.

### Request For Production Number Four

Produce any and all documents of any nature whatsoever relating in any way to the above and foregoing Interrogatories kept in the form of surveillance records.

### Request For Production Number Five

Produce any and all documents of any nature whatsoever relating in any way to the above and foregoing Interrogatories that will demonstrate or substantiate that the Defendants came upon the Plaintiff's residence and followed proper protocol in entering Plaintiff's residence

### Request For Production Number Six

Produce any and all documents of any nature whatsoever relating in any way to the above and foregoing Interrogatories that will demonstrate or substantiate that the Defendants cooperated with any other state, federal, local or county law enforcement agencies in any way in entering the Plaintiff's residence.

### Request For Production Number Seven

Produce any and all documents of any nature whatsoever relating in any way to the above and foregoing Interrogatories that will demonstrate or substantiate that the Defendants removed any property from Plaintiff's residence and held proper documentation demonstrating authorization and or protocol for the removal of Plaintiff's property from said residence.

### Request For Production Number Eight

Produce any and all documents of any nature whatsoever relating in any way to the above and foregoing Interrogatories that will demonstrate or substantiate that the Defendants had authorization to visit Plaintiff's daughter's residence and Plaintiff's elderly mother's residence.

### Request For Production Number Nine

Produce any and all documents of any nature whatsoever relating in any way to the above and foregoing Interrogatories that will demonstrate or substantiate that the Defendants had authorization to visit Plaintiff's wife place of employment or office.

### Request For Production Number Ten

Produce any and all documents of any nature whatsoever relating in any way to the above and foregoing Interrogatories that will demonstrate or substantiate that the Defendants disposed of or re-appropriated any and all property removed from Plaintiff's residence.

*Respectfully submitted,*

_____

LAMAR CHAPMAN III, Plaintiff, Pro Se

**DATED: *May 29, 2008***

2

NON-ATTORNEY, NON-LAWYER
PLAINTIFF, *PRO SE*
Lamar Chapman III, *Solo Fides*
Alexander, Cavanaugh & Block, LLC
1314 Kensington Road
Post Office Box 5232
Oak Brook, Illinois 60523-5232
Telephone (630) 881-1936
Email: lasallecompanies@aol.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

LAMAR C. CHAPMAN III,　　　　　]

　　　　　　　　　　　　　　]　　**Case Number 1:07-cv-06531**

　　　　　　　　　*Plaintiff,*　　]

　　　-vs-　　　　　　　　　]　　Honorable Ruben Castillo,
　　　　　　　　　　　　　　]　　*Judge Presiding*

THE UNITED STATES MARSHAL,　]

for the NORTHERN DISTRICT OF　　]　　Honorable Sidney I. Schenkier

ILLINOIS; KIM WIDUP, *in his individual*　]　　*United States Magistrate*

*and official capacity;* GARTH G.　]

REHBERG, a/k/a "The Hammer" *in his*　]　　*Civil Rights Lawsuit*

*individual and official capacity;*　]　　*42 United States Code*

UNKNOWN DEPUTY MARSHALS for　]　　*Sections, 1983, 1988, et al.*

the UNITED STATES MARSHAL　　]

GREAT LAKES FUGITIVE RECOVERY　]　　Previous Case Number: 07–cv-2174

UNIT; DAVID PEARLMAN; MICHELE　]

UTHE; *and* J. RUSSELL GEORGE, *in their* ]

*individual capacity,*　　　　　]

　　　　　　　　　*Defendants.*　]

　　　　　　　　　　　　　　]

### INTERROGATORIES TO PARTIES

TO:　　Patrick J. Fitzgerald, *Esq.*
　　　United States Attorney
　　　c/o Jonathan C. Haile, *Esq.*
　　　Assistant United States Attorney
　　　219 South Dearborn Street
　　　Chicago, IL 60604

　　　　　*YOU ARE HEREBY NOTIFIED* that pursuant to the Joint Status Report and

Order of the Court, the following Interrogatories for Defendants are submitted herewith:

　　　1.　　Identify with respect to the person(s) answering these Interrogatories:
　　　　　(a)　Name(s)
　　　　　(b)　Address and telephone number of the person(s) acting as a resource;
　　　　　(c)　Occupation and job title of person answering and acting as a resource; *and*
　　　　　(d)　The specific interrogatory.

**ANSWER:**

　　　2.　　Identify all persons known to Defendant(s) who have or claim to possess

knowledge of relevant information, facts or circumstances in case, as to each interrogatory set

forth:

(a)  Name, Address, Telephone;
(b)  If employed by Plaintiff, title and length of employment;
(c)  Whether a statement has been given by said person;
(d)  If so, to whom?
(e)  Whether said witness has a copy of said statement in their possession; and
(f)  If statement was oral, set forth the substance of the statement, or, if written, attach copies to your answers hereto.

**ANSWER:**

3.      List the identity, last known address and telephone number of all witnesses who will testify at trial, together with the subject of their testimony.

**ANSWER:**

4.      Provide all reports of and identify each and every opinion witness or expert witness; furthermore, disclose the following information:

(a) The subject matter on which the opinion witness is expected to testify;
(b) The conclusion and opinions of the opinion witness and the basis thereof; *and*
(c) The qualifications of the opinion witnesses.

**ANSWER:**

5.      Identify all litigation, if any, wherein Defendants have been sued as a result of constitutional violations or *quasi*-criminal conduct. If so, please state the following:

(a)  Name, address and telephone number of the Defendant;
(b)  Name, address and telephone number of Defendant's attorney;
(c)  The name of the court in which any action was filed and case number;
(d)  The name of any attorney who represented Plaintiff in each case; and
(e)  The nature of each suit.

**ANSWER:**

6.      Have Defendants ever responded to an oral deposition in a civil rights proceeding? If so, please answer the following:

(a)  The name, address and telephone number of the attorney taking the oral examination;
(b)  The date the oral examination was first taken;
(c)  The subject matter of the oral examination; *and*
(d)  Submit a copy of the written transcripts of your response.

**ANSWER:**

7.    Have Defendants ever paid any money in support of a Settlement and General Release Agreement to reduce the amount of Defendants' liability in a civil rights lawsuit. If so, please provide the following information:

        (a)  Name, address and telephone number of person receiving said payment;
        (b)  Date payment was made
        (c)  Amount of payment;
        (d)  Amount of payment applied to settle lawsuit; and
        (e)  Amount of payment applied to Defendants' punitive damages.

**ANSWER:**

8.    In Plaintiff's Civil Rights Complaint filed against Defendants, Plaintiff prayed for money damages in excess of the sum of Sixty Million Dollars ($60,000,000.00). Please state all facts that substantiate Defendants' defense against damages in said sum.

**ANSWER:**

9.    In the Plaintiff's Civil Rights Complaint, Plaintiff makes reference to a February 14, 2005, Warrant for Arrest naming the Plaintiff as the subject of arrest. If so, please respond to the following:

        (a)  The name; address and telephone number of the person who authorized the issuance of the Warrant for Arrest;

        (b)  The date the Warrant for Arrest was executed by a judge or magistrate;

        (c)  A copy of any and all of Defendants' financial statements and tax returns for the past eight (8) years; and

        (d)  Submit a copy of any and all Settlement and General Release Agreement including demand letters generated by Defendants and executed by Defendants and other parties for the past eight (8) years.

**ANSWER**

10.    In Defendants' previously settled civil rights litigation, please provide a copy of any Settlement and General Release Agreement.  Also, please respond to the following:

(a)  Name, address and telephone number of person who authored any Settlement and General Release Agreement;

(b)  The date and amount of any payment made by Defendants to Plaintiffs in accordance to the Settlement and General Release Agreement;

(c)  The name, address and telephone number of person(s) who first contacted Plaintiffs regarding any Settlement and General Release Agreement;

(d)  The amounts Defendants have paid to settle any civil rights litigation;

(e)  The dates Defendants have paid any settlement in any civil rights litigation;

(f)  The name, address and telephone number of the person who made written provisions for Defendants to pay other Plaintiffs in previously settled civil rights lawsuits.

*Respectfully submitted*

_____

LAMAR CHAPMAN III, Plaintiff, *Pro Se*

**DATED:  May 29, 2008**

Non-Attorneys, Non-Lawyers
Plaintiff, *Pro Se*
LAMAR CHAPMAN III, *Solo Fides*
Alexander, Cavanaugh & Block, LLC
1314 Kensington Road
Post Office Box 5232
Oak Brook, IL 60523-5232
Telephone (630) 881-1936
Email: lasallecompanies@aol.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

LAMAR C. CHAPMAN III,                        ]
                                             ]     **Case Number 1:07-cv-06531**
                            *Plaintiff,*      ]
        *-vs-*                                ]     Honorable Ruben Castillo,
                                             ]     *Judge Presiding*
THE UNITED STATES MARSHAL,                    ]
for the NORTHERN DISTRICT OF                  ]     Honorable Sidney I. Schenkier
ILLINOIS; KIM WIDUP, *in his individual*      ]     *United States Magistrate*
*and official capacity*; GARTH G.            ]
REHBERG, a/k/a "The Hammer" *in his*         ]     *Civil Rights Lawsuit*
*individual and official capacity*;          ]     *42 United States Code*
UNKNOWN DEPUTY MARSHALS for                   ]     *Sections, 1983, 1988, et al.*
the UNITED STATES MARSHAL                     ]
GREAT LAKES FUGITIVE RECOVERY                 ]     Previous Case Number: 07–cv-2174
UNIT; DAVID PEARLMAN; MICHELE                 ]
UTHE; *and* J. RUSSELL GEORGE, *in their*     ]
*individual capacity,*                        ]
                            *Defendants.*     ]
                                             ]

## REQUEST TO ADMIT FACTS

TO:    Patrick J. Fitzgerald, *Esq.*
       United States Attorney
       c/o Jonathan C. Haile, *Esq.*              
       Assistant United States Attorney
       219 South Dearborn Street
       Chicago, IL 60604

       *YOU ARE HEREBY NOTIFIED* that pursuant to the Joint Status Report and Order of the

Court, the following Request to Admit Facts are herewith submitted to Defendants:

       1.      That on or about February 14, 2005, Defendant Yvette Pearson or other person(s)

prepared a document titled Federal Warrant for Arrest naming the Plaintiff as the subject to be

arrested.

       2.      That on or after February 14, 2005, Defendant Yvette Pearson or other person(s)

failed to have the prepared document titled Federal Warrant for Arrest naming the Plaintiff as the

subject to be arrested to be executed by a judge or magistrate of the Court.

3.     That on or after February 14, 2005, Defendant Yvette Pearson or other person(s) submitted the unexecuted document titled Federal Warrant for Arrest naming the Plaintiff as the subject to be arrested to be placed in the Federal Bureau of Investigations ("FBI") and other law enforcement agencies' fugitive files.

4.     That on April 8, 2005, Defendants Garth Rehberg; Paul Banos; Clark Marquez; Sean O'Neal; Michele Uthe; and unidentified other person(s) entered Plaintiff's Hinsdale, Illinois private residence under the code name "Operation Falcon".

5.     That on or before or subsequent to April 8, 2005, there were no search warrants placed in the Federal Bureau of Investigations' ("FBI") and other law enforcement agencies' files.

6.     That on April 8, 2005, Defendants Garth Rehberg, Paul Banos, Clark Marquez, Sean O'Neal, Michele Uthe; and other unidentified person(s) searched Plaintiff's Hinsdale, Illinois private residence.

7.     That on April 8, 2005, the first responder Defendants who entered the Plaintiff's Hinsdale, Illinois residence came through the second floor roof screen door and cut the screen door for entry.

8.     That on April 8, 2005, Defendants removed property from Plaintiff's Hinsdale, Illinois residence.

9.     That on, before or subsequent to April 8, 2005, there were no Order of Court permitting or authorizing the removal of property from Plaintiff's residence.

10.     That on or subsequent to April 8, 2005, Defendants Garth Rehberg; Paul Banos; Clark Marquez; Sean O'Neal and/or other unidentified person(s) went to Plaintiff's elderly mother's residence looking for the Plaintiff.

11.     That on or subsequent to April 8, 2005, Defendants Garth Rehberg; Paul Banos; Clark Marquez; Sean O'Neal and or other unidentified person(s) went to Plaintiff's adult daughter's residence looking for the Plaintiff.

12.     That on or subsequent to April 8, 2005, Defendants Garth Rehberg; Paul Banos; Clark Marquez; Sean O'Neal and/or other unidentified person(s) went to Plaintiff's wife office looking for the Plaintiff.

2

13.     That on or subsequent to April 8, 2005, Defendants Garth Rehberg; Paul Banos; Clark Marquez; Sean O'Neal and/or other unidentified person(s) went to Plaintiff's Hinsdale, Illinois address and searched Plaintiff's garage for Plaintiff.

14.     That on or subsequent to April 8, 2005, Defendant Garth Rehberg; Paul Banos; Clark Marquez; Sean O'Neal and/or other unidentified person(s) questioned Plaintiff's neighbors regarding the whereabouts of Plaintiff and the location of Plaintiff's residence.

15.     That on or subsequent to April 8, 2005, Defendants Garth Rehberg; Paul Banos; Clark Marquez; Sean O'Neal and/or other unidentified person(s) flagged Plaintiff's identity and blocked his ability to travel by aircraft at the O'Hare International Airport.

16.     That on or subsequent to and from June 8, 2005, through and including April 23, 2006, Defendant Garth Rehberg placed a "Warrant Hold" on the person of the Plaintiff with the Cook County Department of Corrections – County Jail and restricted Plaintiff's ability to place a cash bond for release from the county jail.

17.     That on or after February 15, 2004, Defendant David Perlman, came upon the Waukegan, Illinois office property of Plaintiff's business advisement client North American Herb and Spice, and other named entities without a notice, summons, citation, appointment or warrant.

18.     That on or after February 15, 2004, Plaintiff telephoned the Waukegan, Illinois Police Department and reported Defendant David Perlman for criminal trespass to property.

19.     That on or after February 15, 2004, Defendant David Perlman was verbally warned by Officers of the Waukegan Police Department that if he returned to Plaintiff's business advisement client's Waukegan, Illinois Office without a warrant, summons, citation, appointment or notice that he would be arrested for criminal trespass to property.

20.     That on or after April 8, 2005, unidentified Defendants from the United States Marshal's Office went to the Plaintiff's business advisement client's office of North American Herb and Spice without a warrant, summons, citation, appointment or notice questioning the owners about the whereabouts of the Plaintiff.

*Respectfully submitted,*

_____

LAMAR CHAPMAN III, Plaintiff, *Pro Se*

3

**Dated: May 29, 2008**


NON-ATTONEYS, NON-LAWYERS,
PLAINTIFF, *PRO SE*
Lamar Chapman III, *Solo Fides*
Alexander, Cavanaugh & Block, LLC
1314 Kensington Road
Post Office Box 5232
Oak Brook, IL 60523-5232
Telephone (630) 881-1936
Email: lasallecompanies@aol.com

# PLAINTIFF'S EXHIBIT, C







Dad,

You mean everything to me. Without you who knows where I would be. You've done so much for me over this past year. I couldn't thank you enough. I appreciate what you do for others, your family, and the everything! You do is never looked at I think. I you keep me going and you gift me the support and guidance to be the increasing. that I do. Thank you looking and listening to you has made me into the person I am. And without you, I do not if I could have been strong after all accidents and keep pushing after happiness. That only happened because of the person you shaped me to be. I'll continue to work hard and make you proud, so you can see the impact that you have on my life.

I love you always and forever.

Whether it's a mountain hike, an afternoon hike, a sail or a swim, a quiet walk, a friendly talk or something on a whim... Let this Father's Day be tailor-made for you.

Happy Father's Day!

love ya

# PLAINTIFF'S EXHIBIT, D

| Subj: | **Chapman vs. U.S. Marshals, et al., – Confirmation for Depositions** |
| Date: | 6/6/2008 1:49:34 PM Central Daylight Time |
| From: | LASALLECOMPANIES |
| To: | jonathan.haile@usdoj.gov |

Mr. Haile:

   Please confirm that the defendants will be available for depositions beginning on Tuesday, June 10, 2008, at 9:00 a.m., as set forth in my previous notice and Discovery mailed to you on Friday, May 30, 2008.  Thank you.

Lamar C. Chapman III
Telephone (630) 881-1936


   **Copies have been sent *via* first class mail and facsimile delivery**

***************
Get trade secrets for amazing burgers. Watch "Cooking with Tyler Florence" on AOL Food.
(http://food.aol.com/tyler-florence?video=4?&NCID=aolfod00030000000002)

| | |
|---|---|
| Subj: | **Chapman vs. U.S. Marshals, et al., - Confirmation for Depositions** |
| Date: | 6/6/2008 1:49:34 PM Central Daylight Time |
| From: | LASALLECOMPANIES |
| To: | jonathan.haile@usdoj.gov |

Mr. Haile:

　　　Please confirm that the defendants will be available for depositions beginning on Tuesday, June 10, 2008, at 9:00 a.m., as set forth in my previous notice and Discovery mailed to you on Friday, May 30, 2008.  Thank you.

Lamar C. Chapman III
Telephone (630) 881-1936

**Copies have been sent *via* first class mail and facsimile delivery**

*************
Get trade secrets for amazing burgers. Watch "Cooking with Tyler Florence" on AOL Food.
(http://food.aol.com/tyler-florence?video=4?&NCID=aolfod00030000000002)

Fax # (312) 886-4013

Subj:      **RE: Chapman vs. U.S. Marshals, et al., - Confirmation for Depositions**
Date:      6/9/2008 9:18:08 AM Central Daylight Time
From:      Jonathan.Haile@usdoj.gov
To:        LASALLECOMPANIES@aol.com
File:      **chapman.ltr.pdf** (90911 bytes) DL Time (TCP/IP): < 1 minute
*Sent from the Internet (Details)*

Dear Mr. Chapman:  Attached is a letter objecting to your discovery requests as premature under Rule 26.
Accordingly, we will not be producing witnesses for deposition or answering your written discovery at this time.


Very truly yours,

Jonathan C. Haile
Assistant United States Attorney
219 S. Dearborn St., 5th Floor
Chicago, Illinois 60604
(312) 886-2055 (voice)
(312) 886-4073 (fax)


**From:** LASALLECOMPANIES@aol.com [mailto:LASALLECOMPANIES@aol.com]
**Sent:** Friday, June 06, 2008 1:50 PM
**To:** Haile, Jonathan (USAILN)
**Subject:** Chapman vs. U.S. Marshals, et al., - Confirmation for Depositions

Mr. Haile:

        Please confirm that the defendants will be available for depositions beginning on Tuesday, June 10, 2008, at 9:00 a.m., as set forth in my previous notice and Discovery mailed to you on Friday, May 30, 2008. Thank you.

                        Lamar C. Chapman III
                        Telephone (630) 881-1936


        Copies have been sent *via* first class mail and facsimile delivery


**************
Get trade secrets for amazing burgers. Watch "Cooking with Tyler Florence" on AOL Food.
(http://food.aol.com/tyler-florence?video=4?&NCID=aolfod00030000000002)