UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAMAR C. CHAPMAN III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07 C 6531 |
| vs. | ) | |
| | ) | |
| UNITED STATES MARSHAL for the | ) | Judge Castillo |
| Northern District of Illinois, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM IN
<u>SUPPORT OF THEIR MOTION TO SUBSTITUTE AND DISMISS</u>**

### Introduction

Lamar Chapman has filed an amended complaint, naming as defendants the United States

Marshals Service and eleven[1] individual employees of the Marshals Service, the Department of the

Treasury and the United States District Court.  The amended complaint alleges violations of the

Constitution and Illinois tort law in connection with Chapman's arrest, federal conviction and

imprisonment for possessing forged securities.  This court should substitute the United States as the

defendant on the state-law tort claims and dismiss all claims for lack of jurisdiction, failure of service

of process, failure to state a claim, qualified immunity, the statute of limitations, and because the

claims are inconsistent with Chapman's criminal conviction.

---

[1]  This motion is filed on behalf of the United States, the Marshals Service and individual defendants Kim Widup, Garth Rehberg, Michelle Uthe, David Perlman and J. Russell George.  The United States Attorney does not at this time represent the six additional defendants added in Chapman's amended complaint, but the legal analysis in the memorandum applies to all of the individual defendants, and this court may reasonably dismiss the complaint in its entirety.

I.      **Background**

On March 18, 2004, Chapman was charged in a three-count federal indictment in the Northern District of Illinois with possessing forged securities in violation of 18 U.S.C. § 513(a). *United States v. Lamar Chapman III*, No. 04 CR 307, N.D. Ill., CR DN 1.[2]  On July 29, 2004, pursuant to the terms of a written plea agreement, Chapman entered a plea of guilty to Count Two of the indictment. CR DN 20.  In the plea agreement, Chapman admitted that, with the intent to deceive, he had knowingly endorsed and deposited into his own account a $68,510 check which had been generated on behalf of clients of his financial consulting business to pay a debt to the IRS, and that he had also fraudulently endorsed and deposited a second check from the same clients in the amount of $9,350. CR DN 20.  On October 22, 2004, the court sentenced Chapman to a term of six months' imprisonment and three years supervised release, and ordered Chapman to pay $68,510  in restitution to the IRS and $9,350 to the private party which was the victim of the second fraud.  *Id.*

Chapman alleges in his first amended complaint  that the offense for which he was sentenced "has never amounted to a state or federal crime" and that federal jurisdiction was premised "on nothing more than the 'say so' authority of a vindictive federal employee acting in retaliation and under the color of law."  FAC at ¶ 3.  He alleges that defendants conspired to have him indicted because of his race and in retaliation for complaints he had made and that his guilty plea to the "non-federal, non-criminal, retaliatory indictment" resulted in an unconstitutional sentence.  FAC at ¶ 11. Chapman further claims that he was denied his right to counsel in his criminal case.  FAC at ¶ 31. Chapman claims that following his guilty plea and sentence, he attempted to surrender to the United

---

[2]  "CR DN" refers to the district court docket in the criminal case; docket entries in this case are preceded by the case number; "FAC" refers to Chapman's first amended complaint in this case.

States Marshal, but that the Marshal refused to take him into custody (FAC at ¶ 33), and that later he was arrested on a warrant that was invalid because it was not "executed" by the district court judge.  FAC at ¶ 34.  Chapman further claims that on April 8, 2005, defendants went to Chapman's residence to search for him, and that even though the gatehouse guard advised that Chapman was not present, the defendants cut a screen and entered Chapman's residence.  FAC at ¶¶ 40-43. Chapman further claims that defendants seized and removed eight gold watches from his residence. FAC at ¶¶ 51-58.  Later that day, Chapman claims that he called the Village of Hinsdale Police Department to report the "residential burglary," but that the Hinsdale police refused to investigate Chapman's report because the defendants had falsely advised them that Chapman was a fugitive. FAC at ¶¶ 58-60.

On June 1, 2005, Chapman was arrested by the Franklin Park police.  CR DN 64 (Chapman's Motion to Quash Bench Warrant) at ¶¶ 6-7.  Chapman claims that on June 8, 2005, while he was being held in the Cook County Jail, defendant Garth Rehberg falsely represented to the Cook County Department of Corrections that there was a federal arrest warrant for Chapman's arrest, resulting in the placement of a "warrant hold."  FAC at ¶ 67.

On July 14, 2005, Chapman filed a motion to quash the district court's arrest warrant, arguing that the warrant was "legally void."  CR DN 64 at ¶ 12.  The district court denied Chapman's motion on July 15, 2005.  CR DN 66.  On January 11, 2006, the district court entered an order directing the Cook County Jail to deliver Chapman to district court for a status hearing on January 13.  CR DN 101.  At the January 13 status hearing, the court denied a renewed motion by Chapman to quash the arrest warrant (CR DN 105), and Deputy Marshal Rehburg returned the arrest warrant as executed on January 13, 2006.  CR DN 102.

On April 18, 2007, Chapman filed a civil complaint, naming as defendants the United States Marshals Service; Kim Widup, the United States Marshal for the Northern District of Illinois; Deputy Marshal Garth Rehberg; Treasury Special Agent Michelle Uthe; IRS Revenue Officer David Perlman[3]; and J. Russell George, the Inspector General for Tax Administration.  Chapman's complaint was initially docketed as Case No. 07 C 2174, but this court dismissed the complaint on May 16, 2007, finding that (1) Chapman (who is subject to an  Executive Committee regulatory order which requires pre-screening of new cases due to Chapman's frequent filings of frivolous and vexatious lawsuits) had not obtained permission from the Executive Committee to file the lawsuit; and (2) that the lawsuit "relates to a federal criminal case and appears to be barred by principles of qualified and official immunity."  Order of May 16, 2007 in Case No. 07 C 2174 (DN 6).  Thereafter, Chapman obtained permission from the executive committee and re-filed the suit on or about November 20, 2007.  The new case was docketed as No. 07 C 6531.

On May 6, 2008, Chapman filed a First Amended Complaint, adding six additional alleged federal employees as defendants— Sean O'Neal, Margaret Walden, Melody Waldron, Paul Banos, Clark Marquez and Yvette Pearson—and adding additional claims under state law.  None of the individual defendants has been served as required by Fed. R. Civ. P.  4(i).[4]

## II.    Substitution of the United States as Defendant

As an initial matter, the United States should be substituted as the defendant in place of the identifiable individual federal officers in counts eight and ten of the complaint.  Counts eight and

---

[3]  The complaint misspells Officer Perlman's name as "Pearlman."

[4]  As far as the United States Attorney's Office knows, this applies to all the defendants, including those that we do not at this time represent.

4

ten allege violations of state tort law against the individual defendants under theories of intentional infliction of emotional distress and false light.   In the Federal Tort Claims Act (FTCA), Congress consented to allow suit against the United States for common-law torts attributable to actions by federal employees within the scope of their employment, to the same extent as against a private individual under like circumstances.  28 U.S.C. §§ 1346(b); 2674.  The United States, however, is the only proper defendant under the FTCA, *see* 28 U.S.C. §§ 2674, 2679, and the FTCA remedy is *exclusive* of any state-law based tort action against the agency or the individual employee.  28 U.S.C. § 2679(b)(1);[5] *Apampa v. Layng*, 157 F.3d 1103, 1104 (7th Cir. 1998).   Any civil action or proceeding commenced against a federal employee on such a claim in a United States district court is deemed an FTCA action against the United States.  28 U.S.C. § 2679(d)(1) ("Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the

---

[5]  Section 2679(b)(1) provides:

> The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.")

Exhibit 5 is a certification by the Attorney General's designee that ten of the eleven individual defendants were acting within the scope of their federal employment at the time of the incidents referred to in Chapman's complaint. The certification does not include Margaret Waldren, because we have not been able to identify to whom Chapman is intending to sue.[6] Accordingly, the United States should be substituted as the defendant in counts eight and ten in lieu of the identifiable federal officers.

**III.    This Court Lacks Jurisdiction over All the Official-Capacity Damage Claims.**

**A.    Counts Eight and Ten Should Be Dismissed for Failure to Exhaust Administrative Remedies.**

As a prerequisite to suit under the FTCA, a plaintiff must make an administrative claim to the appropriate Federal agency, as required by 28 U.S.C. § 2675(a). *McNeil v. United States,* 508 U.S. 106, 108 (1993). Chapman has not done so, as attested in the declarations attached as Ex. 1 - 3. Accordingly, this court lacks jurisdiction over counts eight and ten because Chapman has not exhausted his administrative remedies. *Id.*

**B.    Sovereign Immunity Bars Chapman's Constitutional Claims.**

Counts two through seven and nine state claims based on the Constitution and 42 U.S.C. § 1983. The United States, however, has not waived its sovereign immunity for suits for violation of the Constitution. Such an action may not be brought against the Untied States, a federal agency,

---

[6] The complaint alleges that Waldren is a supervisor in the Marshal Service Fugitive Recovery Unit (FAC at ¶ 22) but, the Marshals Service reports it does not have an employee named Margaret Waldren (perhaps Chapman is referring to Melody Waldron, a Marshals Service employee who is also named as a defendant).

or a federal officer in his official capacity. *FDIC v. Meyer*, 510 US 471 (1994)*; Kaba v. Stepp*, 458 F.3d 678, 687 (7th Cir. 2006). Neither does it avail Chapman to cite section 1983, which creates a remedy against those who violate the Constitution under color of *state* law. Section 1983 does not waive sovereign immunity; governmental agencies are not persons within the meaning of section 1983; and the federal officers in this case were acting under the authority of federal, not state law. *Settles v. U.S. Parole Commission*, 429 F.3d 1098 (D.C. Cir. 2005); *Hindes v. FDIC*, 137 F.3d 148, 158-59 (3d Cir.1998).

## IV.   Chapman's Complaint Is Barred by Immunity and by Chapman's Criminal Conviction.

When this court *sua sponte* dismissed Chapman's complaint on May 16, 2007**,** it explained that after a "careful review" it determined that the complaint was subject to dismiss because (1) it had been filed in violation of the Executive Order *and* (2) because "the lawsuit relates to a federal criminal case and appears to be barred by principles of qualified and official immunity." 07 C 2174, DN 6. Chapman filed a motion asking the court to reconsider its ruling, and on October 16, 2007, this court reaffirmed its earlier holding. 07 C 2174, DN 8, 13. This court should again reaffirm that holding based on the second ground.

Chapman's complaint is an impermissible collateral attack on his criminal conviction. He claims that he was unconstitutionally imprisoned for an offense which "has never amounted to a state or federal crime," that federal jurisdiction was premised "on nothing more than the 'say so' authority of a vindictive federal employee," that he was denied his right to counsel in his criminal case, and that after his conviction, he "was arrested without any state or federal arrest warrant or any other legal authorization." FAC at ¶¶ 3, 4,11, 31. The Supreme Court held in *Heck v. Humphrey*, 512

7

U.S. 477, 486-87 (1994), that where a constitutional claim, if vindicated, would undermine a criminal conviction, the constitutional claim cannot be brought until the underlying criminal conviction is nullified.   Chapman's criminal conviction has not been vacated, and his complaint is thus barred by *Heck.*  Also, the criminal docket shows that Judge Zagel *did* order that a warrant issue for Chapman's arrest and that the court *denied* Chapman's motion to quash the warrant.   *See* CR DN 54 ("Enter order for bench warrant to issue for defendant's failure to surrender on 2/7/05."); CR DN 66 ("Motion to quash the court's bench warrant is denied."); CR DN 102 (return of warrant).

## V.    The Time and Extended Time-Period Allowed for Service on the Individual Defendants Has Expired.

Fed. R. Civ. P. 4(m) allows a plaintiff 120 days to effect service, and provides that if service is not effected within 120 days, the court shall dismiss the action without prejudice or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.   Chapman has not personally served any of the individual defendants as required by Fed. R. Civ. P. 4(i)(3), and does not have good cause for his failure.   The already extended time for service has expired.   Accordingly, the individual-capacity claims should be dismissed.

Six months ago, on January 15, 2008, this court entered an order directing Chapman to "immediately" serve the complaint.   Order of January 15, 2008 (07 C 6531, DN 5).   Chapman, however, has never served any of the individual defendants as required by Fed. R. Civ. P. 4(i)(3). At a status hearing on March 5, 2008, the undersigned AUSA advised the court and Chapman that service had not been effected on any party and that Chapman's mailing to the Attorney General did not comply with the Federal Rules.  07 C 6531, DN 26 at Ex. A thereto, pg. 3.  On March 21, 2008,

8

the United States Attorney's Office sent Chapman a letter again stating that service had not been accomplished as to any of the defendants, that defendants were not waiving service, and directing Chapman's attention to the provisions of Fed. R. Civ. P. 4(i) which state how *personal* service must be accomplished as to the individual-capacity claims. The letter also included a copy of the rule. 07 C 6531, DN 26 at Ex. B thereto.

Chapman still did not effect service, and on April 11, 2008, the individual defendants filed a motion to dismiss for lack of service. 07 C 6531, DN 26. The motion set forth in detail the requirement of personal service on the individual defendants and again made clear that defendants were not waiving service. *Id.* At a hearing on April 22, 2008, this court ruled that the 120-day time limit for effecting service would run from the time that the court reinstated Chapman's complaint on January 15, 2008, and therefore denied defendants' motion to dismiss without prejudice. 07 C 6531, DN 29; Ex. 4 (transcript of April 22 status hearing) at 3-5. The court expressly admonished Chapman that he would be required to strictly comply with the service requirements of the Federal Rules. Ex. 4 at 5. Calculating from January 15, Chapman had until May 14, 2008, to effect service.

On April 30, 2008, Chapman filed a motion requesting leave to file an amended complaint adding additional defendants and requesting a 21-day extension of the upcoming deadline for service of process. 07 C 6531, DN 30. This court permitted Chapman to file the amended complaint and granted Chapman's motion for an additional 21 days to effect service. 07 C 6531, DN 33. The extended time for service expired on June 4, 2008, and Chapman has still not effected personal service on any of the individual defendants.

Chapman is not an ordinary *pro se* plaintiff. He is an experienced litigant whose "prolific" filings of vexatious and frivolous lawsuits resulted in an Executive Committee regulatory order

9

which requires pre-screening of new cases. *See In re Chapman*, 328 F.3d 903 (7th Cir. 2003) (affirming Executive Committee order). Chapman does not have good cause for his failure to effect service of process in this case. Six months ago, in January, this court ordered Chapman to "immediately" effect service, and this is the second motion to dismiss defendants have filed for Chapman's failure. Chapman's complaint should be dismissed.

## VI.    Statute of Limitations

Chapman's claim that the defendants illegally searched and burglarized his residence is barred by the statute of limitations. A *Bivens* action in Illinois is subject to a two-year limitations period. *Delgado-Brunet v. Clark*, 93 F.3d 339 (7th Cir.1996). Chapman's cause of action for the alleged burglary accrued on April 8, 2005. FAC ¶¶ 40-58. He did not file his complaint in this case until November 20, 2007, after he received permission from the Executive Committee, and even if the court looks to the date when Chapman improperly, in violation of the Executive Committee Order, filed his original complaint on April 19, 2007, the complaint was still filed more than ten days too late.

## VII.    Qualified Immunity

The Supreme Court has held that government officials who perform discretionary functions are immune from suit unless their conduct violates "clearly established" constitutional rights about which any reasonable person would have known at the time of the events in question. *See*, *e.g.*, *Wilson v. Layne*, 526 U.S. 603, 609-10 (1999); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Chapman's claim that defendants somehow interfered with his ability to file a criminal complaint for residential burglary by falsely representing to the Hinsdale police that a warrant had been issued for Chapman's arrest is belied by the criminal docket (which shows that Judge Zagel *did* order an

10

arrest warrant), but in any event, does not state a colorable Constitutional claim, much less a violation of clearly established law.

## VIII.  Injunctive Relief

Finally, Chapman does not state any basis for injunctive relief.  Injunctive relief is appropriate only where the moving party can demonstrate all of the following:  "(1) no adequate remedy at law exists; (2) it will suffer irreparable harm absent injunctive relief; (3) the irreparable harm suffered in the absence of injunctive relief outweighs the irreparable harm respondent will suffer if the injunction is granted; (4) the moving party has a reasonable likelihood of prevailing on the merits; and (5) the injunction will not harm the public interest." *Daniels v. Southfort*, 6 F.3d 482, 485 (7th Cir. 1993).  As set forth above, Chapman cannot show any likelihood of success on the merits.  Furthermore, it would not be enough even if Chapman could show a past Constitutional violation; he would also have to "establish a reasonable probability that the conduct was part of an official policy to the end that there is a substantial likelihood that future violations will occur." *Id.* Chapman has not pled any pattern or official policy, and the matters of which he complains are years old.  There is no more basis for injunctive relief than for damages.

**Conclusion**

For the foregoing reasons, Chapman's complaint should be dismissed.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ Jonathan C. Haile
     JONATHAN C. HAILE
     Assistant United States Attorney
     219 South Dearborn Street
     Chicago, Illinois 60604
     (312) 886-2055
     jonathan.haile@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document:

## DEFENDANTS' MEMORANDUM IN
## SUPPORT OF THEIR MOTION TO SUBSTITUTE AND DISMISS

was served pursuant to the district court's ECF system as to ECF filers, if any, and was sent by first-class mail on June 16, 2008, to the following non-ECF filers:

*Pro Se*

Lamar C. Chapman, III
1314 Kensington Road
Post Office Box 5232
Oak Brook, IL 60523-5232

By:  s/ Jonathan C. Haile
JONATHAN C. HAILE
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-2055
jonathan.haile@usdoj.gov