## Exhibits

1. Declaration of Margaret Martin

2. Declaration of Gerald Auerback

3. Declaration of Mary-Ellan Krcha

4. Transcript of April 22, 2008

5. FTCA Certification of Scope of Employment

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAMAR C. CHAPMAN, III )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES MARSHAL FOR THE )<br>NORTHERN DISTRICT OF ILLINOIS, *et al.* )<br>)<br>)<br>Defendants. ) | No. 07 CV 2174<br><br>Judge Castillo |

DECLARATION OF MARGARET A. MARTIN

I, MARGARET A. MARTIN, make the following declaration pursuant to 28 U.S.C. § 1746:

1. I am the Acting Deputy Chief Counsel for the Treasury Inspector General for Tax Administration (TIGTA).

2. In that capacity, I have full access to, and utilize, as necessary, TIGTA Office of Chief Counsel records that are maintained on each administrative claim submitted for adjudication to TIGTA pursuant to the provisions of the Federal Tort Claims Act, §§ 1346(b) and 2671, *et seq.* The records of claims maintained by the TIGTA Office of Chief Counsel are nationwide; consequently, they include tort claims submitted that occur within the State of Illinois.

3. The TIGTA Office of Chief Counsel maintains an internal database that contains a listing of all claims filed against TIGTA for damage, injury, or death. This database contains information regarding the claim, including the

*Exhibit 1*

date the claim was received. As Acting Deputy Chief Counsel, I have the authority to approve, disapprove, and compromise tort claims submitted pursuant to the FTCA.

4.   I conducted a search of the internal database that contains a listing of all claims filed against TIGTA for damage, injury, or death. I found no record in the database of an administrative claim filed by Lamar C. Chapman III, the above-named plaintiff.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 9th day of June 2008.

By:

*Margaret A. Martin*
Margaret A. Martin
Acting Deputy Chief Counsel
Office of Chief Counsel
Treasury Inspector General for Tax
Administration

*Exhibit 1*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAMAR C. CHAPMAN,<br>    PLAINTIFF,<br>VS.<br><br>THE UNITED STATES MARSHAL,<br>ET AL.<br>    DEFENDANTS. | Case No.: 1:07-CV-06531 |

## DECLARATION OF GERALD M. AUERBACH

I, Gerald M. Auerbach, declare the following to be true and correct:

1. I am the General Counsel for the United States Marshals Service (USMS), Department of Justice, Arlington, Virginia and am responsible for overseeing the administrative tort claims received by this office.

2. This office is the custodian of agency records relating to the filing, evaluation, and disposition of administrative claims presented to the USMS under the Federal Tort Claims Act (FTCA). All such claims are forwarded to the Office of General Counsel for disposition.

3. As a routine business practice, this office maintains a record of each such claim. The claims are indexed by claimant.

4. On June 6, 2008, this office searched the FTCA claim records to determine whether a claim was presented to the USMS by plaintiff arising out of the incidents described in the complaint.

5. The review of the FTCA claim records did not reveal any FTCA claims presented to the USMS by plaintiff arising out of the incidents described in the complaint.

_____
Gerald M. Auerbach
General Counsel
United States Marshals Service Headquarters
Washington, D.C. 20530-1000
(202) 307-9054

Executed on: _____June 9_____, 2008

*Exhibit 2*

## DECLARATION OF MARY-ELLAN KRCHA

I, Mary-Ellan Krcha, pursuant to 28 U.S.C. §1746, declare and state as follows:

1. I am employed as the Internal Revenue Service (IRS) Claims Manager.

2. Among the duties of my office is the processing of all administrative claims filed under the Federal Tort Claims Act (FTCA) 28 U.S.C. §§1346(b), 2671-2680, for damages allegedly arising out of the negligent acts of Internal Revenue Service employees. Any such administrative claim received by any Internal Revenue Service office, wherever located, is required to be forwarded to my office, in Washington, DC. There we process the claim and administratively determine its merit, as provided by law and regulations in accordance with the Act.

3. In my capacity as Claims Manager, I also maintain a database of all administrative claims presented to the Internal Revenue Service under the FTCA. The database contains FTCA claim records from October 1, 1995 forward.

4. An examination of the FTCA database discloses that to date, no administrative claims were filed by or on behalf of anyone named Lamar Chapman.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 10th day of June, 2008.

_____
Mary-Ellan Krcha

*Exhibit 3*

```
 1                IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                         EASTERN DIVISION

 3
   LAMAR C. CHAPMAN, III,            )
 4                                   )
                  Plaintiff,         )
 5   -vs-                            )   Case No. 07 C 6531
                                     )
 6   UNITED STATES MARSHAL FOR THE   )   Chicago, Illinois
     NORTHERN DISTRICT OF ILLINOIS,  )   April 22, 2008
 7   et al.,                         )   9:44 a.m.
                                     )
 8                Defendants.        )

 9                  TRANSCRIPT OF PROCEEDINGS
10           BEFORE THE HONORABLE RUBEN CASTILLO

11   APPEARANCES:

12   For the Plaintiff:    MR. LAMAR C. CHAPMAN, III
                           Pro se
13                         1314 Kensington Road
                           Post Office Box 5232
14                         Oak Brook, IL  60523-5232
                           (630) 881-1936
15
     For the Defendants:   HON. PATRICK J. FITZGERALD
16                         UNITED STATES ATTORNEY
                           BY:  MR. JONATHAN C. HAILE
17                         219 South Dearborn Street
                           Chicago Illinois 60604
18                         (312) 353-5300

19

20

21   Court Reporter:

22            KATHLEEN M. FENNELL, CSR, RMR, FCRR
                     Official Court Reporter
23                 United States District Court
       219 South Dearborn Street, Suite 2144-A
24                   Chicago, Illinois  60604
                 Telephone:  (312) 435-5569
25      email:  Kathleen_Fennell@ilnd.uscourts.gov
```

*Exhibit 4*

```
 1        (Proceedings heard in open court:)
 2             THE CLERK:  07 C 6531, Chapman versus U.S. Marshal.
 3             THE COURT:  Good morning.
 4             MR. CHAPMAN:  Good morning, your Honor.  I'm Lamar
 5   Chapman, non-attorney, plaintiff pro se.
 6             MR. HAILE:  Good morning, your Honor.  Jonathan Haile
 7   for defendants.
 8             THE COURT:  Okay.  Seems like you're going at cross
 9   purposes.  Let's take up plaintiff's motion for default order.
10   Who are you seeking to default?
11             MR. CHAPMAN:  Your Honor, I was seeking the default
12   against the individual defendants who have not appeared and --
13   who have been served and have not appeared, answered or pled.
14             THE COURT:  That's the defendants, the Marshal Kim
15   Widup --
16             MR. CHAPMAN:  Yes, sir.
17             THE COURT:  -- Defendant Rehberg, it's R-E-H-B-E-R-G,
18   Defendant Pearlman, Defendant Uthe, U-T-H-E, and Defendant
19   George?
20             MR. CHAPMAN:  Yes, it is.
21             THE COURT:  What's your response?
22             MR. HAILE:  Your Honor, those defendants have not
23   been served.  We filed a motion to dismiss for lack of
24   service.
25             THE COURT:  You're filing a motion to dismiss as it
```

*Exhibit 4*

1  pertains to these particular defendants?
2       MR. HAILE:  As it pertains to all the defendants.
3       THE COURT:  As it pertains to all the defendants for
4  lack of service.
5       MR. HAILE:  Yes.
6       MR. CHAPMAN:  Your Honor, what I would like to do,
7  the government's motion it's factually and lawfully
8  inaccurate, and I would respectfully request 21 days for the
9  record to place my objections to that motion in writing.
10       THE COURT:  Well, you don't even have to do that,
11  Mr. Chapman.  I'm going to deny the government's motion
12  without prejudice.
13       First of all, you're calculating the time period
14  wrong.  You're calculating the fact of when Mr. Chapman filed
15  his complaint.  You're not taking into consideration that he
16  needed to get permission from the Executive Committee to
17  proceed with this lawsuit.
18       Is there a reason you've done it that way?
19       MR. HAILE:  Well, your Honor, the 120 days has
20  expired if you calculate it to when he refiled the lawsuit on
21  November 20, 2007.  It also expires --
22       THE COURT:  I don't think he even received permission
23  at that point.
24       MR. CHAPMAN:  That's not true.
25       THE COURT:  You need to count from when he received

Exhibit 4

1  permission from the Executive Committee.
2      MR. HAILE:  Well, I believe that would be before
3  November 20th of 2007.  He initially filed his complaint
4  April 19, 2007, just about exactly a year ago.  It was
5  dismissed.  He got permission from the Executive Committee to
6  refile it.  I don't have the -- that date in front of me --
7      THE COURT:  Right.
8      MR. HAILE:  -- but the date that he did refile it,
9  November 20th --
10     THE COURT:  I think you need to start counting from
11 January 15th, 2008, when I entered a motion and reinstated the
12 plaintiff's pro se complaint and gave him permission to
13 proceed with service.
14     So if we started counting from then, has your
15 120 days expired?
16     MR. HAILE:  It has not, and, in fact, he served our
17 office on April 15th.  So the time for the government to
18 respond to his complaint is June 16th.
19     THE COURT:  Okay.  How about the other defendants?
20     MR. HAILE:  He's not served them.
21     MR. CHAPMAN:  Your Honor, that's not accurate.
22     THE COURT:  Okay.
23     MR. CHAPMAN:  The other defendants, your Honor, have
24 been served by certified mail, return receipt requested.  The
25 United States Attorney in Washington, D.C. was served sometime

*Exhibit 4*

1  in December '06.
2      THE COURT: Okay. Let me tell you this, Mr. Chapman.
3  First of all, I'm not picking on you at all, any pro se
4  litigant who appears before me -- and you can see me every day
5  as far as I'm concerned and see me handle all my cases -- I
6  really urge you to obtain an attorney.
7      First of all, they're going to fight you all the way
8  with regard to this lawsuit, every single step of the way.
9  The last time this case was up, I asked Mr. Haile on behalf of
10 the government to voluntarily accept service. It's clear to
11 me that they're not going to do that. So they're counting
12 very strictly 120 days from January 15th for you to effectuate
13 service, and all you need to do is to look at their motion to
14 dismiss that I've denied today. I haven't required you to
15 take any briefing.
16     But it seems to me that the 120 days then would be
17 about four months from January 15th, which tells me that the
18 time for you to effectuate perfect service in this case, which
19 is what you're going to need, is about May 15th. So make sure
20 you do that.
21     MR. CHAPMAN: Yes, sir.
22     THE COURT: I'm going to set this case for a status
23 after responsive pleadings are due. The first responsive
24 pleading would be due when, Mr. Haile?
25     MR. HAILE: June 16th.

*Exhibit 4*

1    THE COURT: Okay. Let's see where we are on
2 June 19th. Is that a good date, Ruth, as far as you know?
3    THE CLERK: It is.
4    THE COURT: 9:45 for a status.
5    In the meantime, plaintiff's motion for a default
6 order is denied, and the government's motion to dismiss is
7 denied without prejudice.
8    Thank you.
9    MR. HAILE: Thank you.
10    MR. CHAPMAN: Thank you very much.
11    (Which were all the proceedings heard.)
12                    CERTIFICATE
13    I certify that the foregoing is a correct transcript from
14 the record of proceedings in the above-entitled matter.
15 /s/Kathleen M. Fennell          June 9, 2008
16 _____         _____
    Kathleen M. Fennell                Date
17 Official Court Reporter
18
19
20
21
22
23
24
25

Exhibit 4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAMAR C. CHAPMAN III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 07 C 6531 |
| v. | ) |
| | ) |
| UNITED STATES MARSHAL for the | ) Judge Castillo |
| Northern District of Illinois, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATION

Pursuant to the provisions of 28 U.S.C. § 2679, as amended, and by virtue of the authority delegated to me by the Attorney General under 28 C.F.R. § 15.4 and through the United States Attorney for the Northern District of Illinois, I hereby certify that I have read the amended complaint in *Lamar Chapman, III v. United States Marshal, et al.*, No. 07 C 6531, and that on the basis of the information now available with respect to the incidents referred to therein, I certify that at the time of the incidents out of which the claims arose, defendants Kim Widup, Garth Rehberg, Sean O'Neal, Melody Waldron, Paul Banos, Clark Marquez, J. Russell George, Michelle Uthe, David Perlman and Yvette Pearson were acting within the scope of their employment as employees of the United States at the time of the incidents out of which the claims arose.

*Thomas Walsh*
THOMAS P. WALSH
Chief, Civil Division
Office of the United States Attorney
for the Northern District of Illinois

June 16, 2008

*Exhibit 5*