UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAMAR C. CHAPMAN III, | ) |
| Plaintiff, | ) |
| | ) No. 07 C 6531 |
| vs. | ) |
| UNITED STATES MARSHAL for the Northern District of Illinois, *et al.*, | ) Judge Castillo |
| Defendants. | ) |

**REPLY MEMORANDUM IN
SUPPORT OF DEFENDANTS'[1] MOTION TO SUBSTITUTE AND DISMISS**

Defendants' motion to dismiss argued (1) that pursuant to the Federal Tort Claims Act (FTCA), the United States should be substituted as the defendant in place of the federal officers on the state law tort claims in counts eight and ten of the complaint; (2) that the state law tort claims (which are deemed to be under the FTCA) should be dismissed for failure to exhaust administrative remedies; (3) that sovereign immunity bars all of the official capacity damage claims; (4) that Chapman's complaint is an impermissible collateral attack on his criminal conviction; (5) that the claims against the individual defendants should be dismissed for lack of service of process; (6) that Chapman's claim that the defendants illegally searched and burglarized his residence is barred by the statute of limitations; (7) that defendants have immunity from Chapman's claim that defendants somehow interfered with his ability to file a criminal complaint for residential burglary; and (8) that Chapman does not state any basis for injunctive relief. Nothing in

---

[1] The motion was filed on behalf of the United States, the Marshals Service and individual defendants Kim Widup, Garth Rehberg, Michelle Uthe, David Perlman and J. Russell George. The United States Attorney does not at this time represent the six additional defendants added in Chapman's amended complaint.

Chapman's response calls into question the authorities or arguments made in defendants' opening memorandum, and accordingly, this reply will be limited to two brief points.

First, there is a new decision on point on the statute of limitations issue, where a different judge of this court recently dismissed a parallel case, initially filed about the same time as this case, also asserting claims against state and federal officers arising out of the same alleged April 8, 2005, burglary that Chapman alleges in this case. *Chapman v. Village of Hinsdale*, 2008 WL 2557465, June 23, 2008, No. 07 C 7232, N.D. Ill. The cited decision finds Chapman's claims barred by the applicable two-year statute of limitations. Second, on the service of process issue, defendants note that contrary to Chapman's argument, there is no factual issue for the court to resolve. The affidavits of service filed by Chapman establish that the defendants were *not* personally served as required by Fed. R. Civ. P. 4.

For the reasons set forth in defendants' opening memorandum, Chapman's complaint should be dismissed.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney

    By: s/ Jonathan C. Haile
        JONATHAN C. HAILE
        Assistant United States Attorney
        219 South Dearborn Street
        Chicago, Illinois 60604
        (312) 886-2055
        jonathan.haile@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document:

REPLY MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO SUBSTITUTE AND DISMISS

was served pursuant to the district court's ECF system as to ECF filers, if any, and was sent by first-class mail on July 31, 2008 to the following non-ECF filers:

*Pro Se*

Lamar C. Chapman, III
1314 Kensington Road
Post Office Box 5232
Oak Brook, IL 60523-5232

By: s/ Jonathan C. Haile
JONATHAN C. HAILE
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-2055
jonathan.haile@usdoj.gov