IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAMAR C. CHAPMAN III, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 C 6531 |
| | ) | |
| v. | ) | Judge Ruben Castillo |
| | ) | |
| UNITED STATES MARSHAL FOR THE NORTHERN DISTRICT OF ILLINOIS, KIM WIDUP; GARTH G. REHBERG; UNKNOWN DEPUTY MARSHALS; DAVID PERLMAN; MICHELLE UTHE; J. RUSSELL GEORGE; SEAN O'NEAL; MARGARET WALDEN; MELODY WALDRON; PAUL BANOS; CLARK MARQUEZ; and YVETTE PEARSON, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Lamar C. Chapman III ("Chapman") filed this *pro se* action against various federal officials alleging violations of his constitutional rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution. The government has moved to substitute the United States as the defendant in the case and to dismiss on the grounds of lack of subject matter jurisdiction, failure of service of process, failure to state a claim upon which relief can be granted, qualified immunity, and the statute of limitations. (R. 44.) For the reasons stated below, the motion to dismiss is granted.

### RELEVANT FACTS[1]

On March 18, 2004, Chapman was charged in a three-count federal indictment in the

---

[1] Chapman's amended complaint is difficult to parse and contains many extraneous facts. The Court has attempted to dissect the complaint to include only those facts that are relevant to this motion.

Northern District of Illinois with possessing forged securities in violation of 18 U.S.C. ¶ 513(a). *United States v. Lamar Chapman III*, No. 04 CR 307 (N.D. Ill. Mar. 18, 2004).[2] On August 3, 2004, Chapman entered a plea of guilty to Count Two of the indictment, admitting that he had fraudulently endorsed and deposited into his own account a total of $77,860 which belonged to clients of his financial consulting business. (*Id.*, R. 21.) On October 22, 2004, the court sentenced Chapman to 6 months' imprisonment and 3 years' supervised release and ordered him to pay restitution to the Internal Revenue Service ("IRS") and a private party who was the victim of the fraud. (*Id.*, R. 24.) Chapman alleges this indictment was in retaliation for his written complaint to the Inspector General of the United States Department of the Treasury against an IRS agent and his refusal to cooperate with an investigation by the Treasury Department. (R. 34, Am. Compl. ¶¶ 6-11.)

On February 7, 2005, Chapman alleges that he "made himself availabe to be arrested by the United States Marshal who failed to arrest [Chapman] because a warrant for said arrest had not been issued or entered by any Court of Law." (R. 34, Am. Compl. ¶ 33.) Subsequently, Chapman was placed on the United States Marshal's list of wanted fugitives. (*Id.* ¶ 38.) On April 8, 2005, the Marshals placed Chapman's home under surveillance. (*Id.* ¶ 38.) When it was discovered that the home was unoccupied, certain Defendants entered and "thoroughly searched and ransacked" Chapman's residence. (*Id.* ¶¶ 40-43.) During this time, Defendants allegedly seized and removed eight gold watches from the residence. (*Id.* ¶¶ 51-52.) Chapman reported the burglary to the Village of Hinsdale Police Department. (*Id.* ¶ 58.) Chapman alleges that the

---

[2] A court is entitled to take judicial notice of judicial proceedings. *Guaranty Bank v. Chubb Corp.*, 538 F.3d 587, 591 (7th Cir. 2008).

officers refused to send a patrol car to Chapman's home or take his complaint for burglary because the Police Department had been "falsely advised" by Defendants that Chapman was a fugitive and that there was a federal warrant for his arrest. (*Id.* ¶¶ 59-60.)

On June 1, 2005, Chapman was arrested and placed in the custody of the Cook County Department of Corrections. (*Id.* ¶ 67.) Chapman alleges that he was arrested on an invalid warrant and unlawfully held in jail on a "warrant hold" from June 8, 2005, through April 26, 2006, based on "false" representations that there was a federal warrant for his arrest.[3] (*Id.* ¶¶ 13-14, 67-68.) Chapman further alleges that after his release, on May 10, 2006, he went to the Village of Hinsdale Police Department and filed a report about the eight gold watches that were allegedly taken during the residential burglary of April 8, 2005. (*Id.* ¶¶ 76-77.) Chapman alleges that on May 17, 2006, certain unidentified Defendants caused a "false follow-up incident report" to be filed which stated that only one watch was taken and that there was an active warrant for Chapman's arrest at the time of the alleged burglary. (*Id.* ¶¶ 78-80.)

## PROCEDURAL HISTORY

Chapman filed his original complaint on April 19, 2007 against Kim Widup ("Widup"), the U.S. Marshal for the Northern District of Illinois, in his individual and official capacity; Unknown Deputy U.S. Marshals for the United States, Marshal Great Lakes Fugitive Recovery Unit; Deputy U.S. Marshal Garth G. Rehberg ("Rehberg"), in his individual and official capacity; IRS Revenue Officer David Perlman ("Perlman"), in his individual capacity; Treasury Special

---

[3] Chapman's allegations that his arrest was "invalid" or "false" is belied by the record, which shows that Judge Zagel did issue an arrest warrant based on Chapman's failure to surrender. (R. 34, Am. Compl., Ex. C, "Criminal Docket," (R. 54, 2/10/2005 Min. Order.)).

3

Agent Michelle Uthe ("Uthe"), in her individual capacity; and J. Russell George ("George"), the Inspector General of the United States Treasury Department, in his individual capacity. (R. 1, Orig. Compl.) In the original complaint, Chapman sought injunctive relief and damages under 42 U.S.C. § 1983 for alleged violations of his Fourth, Fifth, and Eighth Amendment rights, as well as violations of his due process and equal protection rights under the Fourteenth Amendment. (R.1, Orig. Compl. at 11-15.)

This Court initially dismissed the complaint in May 2007 (R. 6), but reinstated the case on January 15, 2008, after Chapman demonstrated that he had obtained permission from the Executive Committee to file the lawsuit.[4] (R. 5, 1/15/08 Min. Order.) Chapman, however, did not properly serve Defendants pursuant to Federal Rule of Civil Procedure 4(i), which sets forth specific requirements for service on the United States and federal agencies and for service on a federal employee sued in an individual capacity. Fed. R. Civ. P. 4(i)(1-3). Consequently, Defendants filed a motion to dismiss on April 11, 2008, for failure of service of process and lack of personal jurisdiction. (R. 26.) The Court denied the motion without prejudice and granted Chapman leave to file an amended complaint, with a twenty-one day extension to effectuate service. (R. 33, 5/6/08 Min. Order.)

In his amended complaint, filed on May 6, 2008, Chapman added as defendants Deputy U.S. Marshals Sean O'Neal ("O'Neal"); Margaret Walden ("Walden"); Melody Waldron ("Waldron"); Paul Banos ("Banos"); Clark Marquez ("Marquez"); and Yvette Pearson

---

[4] Chapman is subject to an Executive Committee regulatory order which requires pre-screening of his new cases due to his history of frequent and frivolous filings. The Executive Committee did not grant Chapman permission to file this suit until November 13, 2007. (R. 3, Ex. A-1.)

4

("Pearson"), in their individual capacities. (R. 34, Am. Compl.) On May 14, 2008, this Court granted Plaintiff twenty-one days to effectuate service on the additional defendants. (R. 37, 5/14/08 Min. Order.) On June 16, 2008, the Assistant United States Attorney ("AUSA") representing the defendants named in the original complaint filed a motion to substitute and dismiss Chapman's amended complaint under Federal Rules of Civil Procedure 12(b)(1), (2), (4), (5), and (6) based on lack of jurisdiction, failure of service of process, failure to state a claim, qualified immunity, and the statute of limitations.[5] (R. 44, Mot. to Dismiss.)

Chapman alleges that his constitutional rights were violated based on several alleged events: (1) Perlman allegedly criminally trespassed at his clients' place of business on or about March 7, 2004 (R. 34, Am. Compl. ¶ 6); (2) on or about March 14, 2004, Uthe and other unidentified treasury agents questioned Chapman at his home "in retaliation" for a written complaint Chapman filed against Perlman on March 14, 2004 (*id.* ¶¶ 8-9); and (3) in further "retaliation" for his complaints and because of his race, Chapman was illegally indicted and "unconstitutionally sentenced." (*Id.* ¶ 11). In addition, Chapman claims that on April 8, 2005, certain unspecified defendants illegally entered his residence and stole eight gold watches. (*Id.* ¶¶ 4-5, 40-43, 50-52.) Chapman claims that despite his report of the alleged burglary, the Village of Hinsdale Police Department refused to send an officer to his home because of Chapman's race and because of false representations by Defendants, who interfered with his right to file the

---

[5] Although the AUSA in this matter has not yet been designated to represent the defendants added in the amended complaint, the Court agrees with the AUSA that the legal analysis in the motion applies to the six additional defendants as well. (R. 49, Mem. in Supp. of Mot. to Dismiss at 1 n.1.) This opinion thus applies to all the defendants, including those named in the amended complaint. Accordingly, Chapman's recently-filed motion for a default order as to the six additional defendants named in the amended complaint is denied. (R. 54.)

5

criminal complaint. (*Id.* ¶¶ 53-66.)

## ANALYSIS

### I. Rule 12(b)(1): Lack of Subject Matter Jurisdiction

The United States first seeks to dismiss Chapman's complaint pursuant to Rule 12(b)(1), asserting that this court lacks subject matter jurisdiction because Chapman failed to exhaust his administrative remedies under the Federal Tort Claims Act ("FTCA"). The party asserting jurisdiction bears the burden of proof on a Rule 12(b)(1) motion. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). To decide whether that burden has been met, the Court weighs the facts alleged in the pleadings to determine if that party has established jurisdiction. *Id.* The Court may also consider affidavits and other materials in deciding a Rule 12(b)(1) motion. *Id.*

#### A. Tort Law Claims

As an initial matter, Counts Eight and Ten of the Complaint allege violations of state tort law against the individual defendants under theories of intentional infliction of emotional distress and false light. (R. 34, Am. Compl. ¶¶ 125-127, 131-135.) The government argues that the United States should be substituted in place of the individual defendants in these counts pursuant to the Westfall Act, 28 U.S.C. § 2679. (R. 49, Mem. in Supp. of Mot. to Dismiss at 4-6.) The Westfall Act "accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties."[6] *Osborn v. Haley*, 127 S.

---

[6] There are two exceptions to the immunity conferred by the Westfall Act. The United States cannot be substituted for claims against federal employees brought for (1) the violation of the Unites States Constitution (commonly referred to as *Bivens* suits), 28 U.S.C. § 2679(b)(2); and (2) the violation of a federal statute, 28 U.S.C. § 2679(b)(2)(B). *Foster v. Hill*, 497 F.3d 695, 696 (7th Cir. 2007).

6

Ct. 881, 887 (2007). If the Attorney General determines that the employee was acting within the course and scope of employment, the suit is deemed to be against the United States and the United States "shall be" substituted as the proper defendant. *Foster*, 497 F.3d at 696; 28 U.S.C. § 2679(d)(1). "If the United States is substituted as the defendant, the remedy against the United States is the exclusive remedy and any other action (specifically, any action against the defendant in his or her individual capacity) is precluded." *Foster*, 497 F.3d at 696; 28 U.S.C. § 2679(d)(3). The suit is thereafter governed by the FTCA. *Osborn*, 127 S. Ct. at 888. In this case, the U.S. Attorney General certified that ten of the eleven individual defendants were acting within the scope of their federal employment at the time of the incidents referred to in the amended complaint.[7] (R. 49, Mem. in Supp. of Mot. to Dismiss, Ex. 5.) Therefore, the United States is the only proper defendant in the common-law torts alleged in Counts Eight and Ten and actions against the individual defendants are precluded.

Under the FTCA, no action may be brought against the United States unless the claimant first presents a claim and is denied by the appropriate federal agency. 28 U.S.C. § 2675(a). "[T]he statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process." *Warrum v. United States*, 427 F.3d 1048, 1050 (7th Cir. 2005) (quoting *McNeil v. United States*, 508 U.S. 106, 112 (1993)). The declarations submitted by the government indicate that Chapman has not filed an administrative claim with the Treasury Inspector for Tax Administration, the United States Marshals Office, or the IRS. (R. 49, Mem. in Supp. of Mot. to Dismiss, Exs. 1-3) Therefore, Chapman has not

---

[7] The government has been unable to identify anyone named "Margaret Waldren" and questions whether Chapman is referring to Melody Waldron, a Marshals Service employee who is named as a defendant.

7

exhausted his administrative remedies, and this Court does not have jurisdiction over Counts Eight and Ten. The government's motion to dismiss these counts is granted.

## B. Constitutional Claims

Counts Two through Seven and Nine of the complaint, however, require a separate jurisdictional analysis. These counts purport to state claims for violations of the Constitution under 42 U.S.C. § 1983. However, "an action brought pursuant to § 1983 cannot lie against federal officers acting under color of federal law," because section 1983 applies to officials acting under color of state law. *Case v. Milewski*, 327 F.3d 564, 567 (7th Cir. 2003). Nevertheless, in *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971), the Supreme Court authorized the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers.[8] *King v. Fed. Bureau of Prisons*, 415 F.3d 634, 636 (7th Cir. 2005); *Richards v. Kiernan*, 461 F.3d 880, 883 (7th Cir. 2006). Under *Bivens*, a plaintiff may bring a cause of action for damages for unconstitutional conduct against federal agents in their individual capacity acting under color of federal authority. *Bivens*, 403 U.S. at 389. Here, Chapman has alleged that each of the defendants acted under color of federal authority when they committed the acts alleged in his complaint. Therefore, subject matter jurisdiction over the constitutional claims exists, and the motion to dismiss against Defendants in their individual capacities on this ground is denied.

Chapman also brings suit against Widup and Rehberg in their official capacities. (R. 34,

---

[8] The government does not mention *Bivens* in their briefs, but rather, claims broadly that the United States "has not waived its sovereign immunity for suits for violation of the Constitution." (R. 49, Mem. in Supp. of Mot. to Dismiss at 6.) As explained above, this argument is erroneous.

8

Am. Compl.) "An official capacity suit is tantamount to a claim against the government itself." *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007). A *Bivens* action, however, cannot be brought against the government, and must be maintained against a federal individual in his or her individual capacity. *See FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994); *Kaba v. Stepp*, 458 F.3d 678, 687 (7th Cir. 2006). Accordingly, Counts Two through Seven and Nine which allege constitutional violations against Widup and Rehberg in their official capacities under *Bivens* are dismissed.

## II. Rule 12(b)(5): Lack of Service

The government next argues that none of the federal employees sued in their individual capacity---including those added in the amended complaint---were properly served pursuant to Rule 4(i) and that the complaint should be dismissed on Rule 12(b)(5) failure of service of process grounds. (R. 49, Mem. in Supp. of Mot. to Dismiss at 8-9.) When a defendant challenges the sufficiency of service, the burden is on the Plaintiff to affirmatively demonstrate otherwise. *Robinson Eng'g Co. Pension Plan & Trust v. George*, 223 F.3d 445, 453 (7th Cir. 2000). If a plaintiff doesn't serve a summons and complaint on a defendant "within 120 days after the filing of the complaint," the court "shall dismiss the action without prejudice . . . or direct that service be effectuated within a specified time . . . ." Fed. R. Civ. P. 4(m).

Rule 4(i)(3) provides the requirements for serving a federal officer or employee sued in an individual capacity (whether or not the officer or employee is also sued in an official capacity) for actions connected with duties performed on the governments behalf. Fed. R. Civ. P. 4(i)(3). If the individual defendant resides in the United States, "a party must serve the United States and also serve the officer or employee under Rule 4(e) . . . ." *Id.* Rule 4(e) allows service to be made

9

in one of three ways: (1) a defendant can be personally given a copy of the complaint and summons; (2) a copy of the complaint and summons can be left at the individual's abode with a person of suitable age and discretion; or (3) a copy of the complaint and summons can be personally given to the individual's agent. Fed. R. Civ. P. 4(e).

Chapman has not met the service requirements of Rule 4(e). On January 15, 2008, the Court entered an order directing Chapman to "immediately serve" the defendants. (R. 5.) On January 30, 2008, the summonses were returned executed, but the returns indicate only the Attorney General was served. (R. 10-17.) The individual defendants then filed a motion to dismiss for lack of service. (R. 26.) The motion detailed the specific requirements of Rule 4(e) with which Chapman had not complied. (*Id.* at 3.) The Court denied the motion to dismiss on April 22, 2008, ruling that the 120-day limit to effectuate service would run from the time the Court reinstated Chapman's complaint on January 15, 2008. (R. 29.) The Court also made it very clear to Chapman that he had to comply with the Rules of 4(e) and properly serve the defendants. (R. 49, Mem. in Supp. of Mot. to Dismiss, Ex. 4 at 4 ("So we are counting very strictly 120 days from January 15th for you to effectuate service, and all you need to do is look at their motion to dismiss that I've denied. . . . So make sure you do that.").) On April 30, 2008, Chapman requested leave to file an amended complaint and sought a 21-day extension of time to effectuate service of process. (R. 32.) The Court granted Chapman's motion, again giving him additional time to serve defendants. (R. 33.) This extension expired on June 4, 2008, and Chapman still has not met the service requirements of Rule 4(e).[9]

---

[9] The record reflects that Chapman again served the individual defendants through the Attorney General and United States Attorney. (R. 32, 42-48.) This, however, does not meet the requirements of Rule 4(e).

10

Although Chapman is in violation of Rule 4(m), before dismissing the action the Court must determine whether Chapman "has established good cause for failing to effect timely service." *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996). If a plaintiff establishes good cause, the Court must extend the time for service. *Id.* Even if good cause is not shown, the Court must consider whether a permissive extension of time is warranted. *Id.* at 341. Good cause means a valid reason for the delay. *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002). Chapman has not demonstrated good cause requiring an additional extension of time for service.[10] Even though Chapman is proceeding *pro se*, he still must comply with the procedural rules. *McMasters v. U.S.*, 260 F.3d 814, 818 (7th Cir. 2001). Moreover, a *pro se* litigant's failure to abide by all rules of service does not by itself establish good cause. *See Williams-Guice v. Board of Educ.*, 45 F.3d 161 (7th Cir. 1995); *Dunmars v. City of Chicago*, 22 F. Supp. 2d 777, 782 (N.D. Ill. 1998).

The Court also determines that Chapman is not entitled to a permissive extension of time. Courts may weigh several factors when deciding whether to excuse a party for an unexcused failure to comply with procedural rules. *Troxell v. Fedders of North America, Inc.*, 160 F.3d 381, 382 (7th Cir. 1998). These factors include a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service. *Id.* The statue of limitations for this action is two years. *Delgado-Brunet v. Clark*, 93 F.3d 339, 342 (7th Cir. 1996) (A *Bivens* action is governed by the statute of limitations and tolling laws in the state where the injury occurred. In Illinois, this is a two-year limitations period.). Accordingly, the Court is aware that dismissing this action

---

[10] Chapman does not seek an additional extension. It is instead his contention that Defendants have been served as required by the Rules of this Court. (*See* R. 52, Pl.'s Resp. to Defs. Renewed Mot. to Dismiss and Substitution at 11.)

11

pursuant to Rule 12(b)(5) would effectively terminate Chapman's ability to file suit, since he would be barred by the statute of limitations.

This Court, however, has already been very patient with Chapman, explicitly pointing out exactly what he needed to do to comply with Rule 4(e) and granting him an extension of time to meet the service requirements. We find no reason to grant another extension when Chapman has repeatedly ignored straightforward rules regarding service of process. *See Coleman*, 290 F.3d at 934 ("[T]he fact that the balance of hardships favors the plaintiff does not require the district judge to excuse the plaintiff's failure to serve the complaint and summons within the 120 days provided by the rule."). Therefore, defendant's motion to dismiss the individual defendants pursuant to Rule 12(b)(5) is granted.

### IV. Rule 12(b)(6)

Finally, in Count One of the amended complaint, Chapman seeks injunctive relief from Defendants harassment. (R. 34, Am. Compl.at 17-18.) The government argues Chapman does not state a basis for injunctive relief and moves to dismiss under Rule 12(b)(6). (R. 49, Mem. in Supp. of Mot. to Dismiss at 11.) In determining whether to grant a motion to dismiss under Rule 12(b)(6), the Court assumes all well-pleaded allegations in the complaint to be true and draws all inferences in the light most favorable to the plaintiff. *Killingsworth v. HSBC Bank*, 507 F.3d 614, 618 (7th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1964 (2007)). To survive a motion to dismiss for failure to state a claim, the complaint must overcome "two clear, easy hurdles": (1) "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which it rests;" and (2) "its allegations must actually *suggest* that the plaintiff has a right to relief, by providing allegations

that raise a right to relief above the 'speculative level.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (emphasis in original). A *pro se* complaint, however inartfully pleaded is held to less stringent standards and is to be liberally construed. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). However, "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, --- U.S. ---, 127 S. Ct. 1955, 1965 quoting *Papassan v. Allain*, 478 U.S. 265, 286 (1986).

When awarding injunctive relief, the moving party must demonstrate: (1) no adequate remedy at law exists, (2) it will suffer irreparable harm absent injunctive relief, (3) irreparable harm suffered in the absence of injunctive relief outweighs the irreparable harm respondent will suffer if the injunction is granted, (4) the moving party has a reasonable likelihood of success on the merits, and (5) the injunction will not harm the public interest. *Daniels v. Southfort*, 6 F.3d 482, 485 (7th Cir. 1993). Furthermore, it is not enough for Chapman to show that specific instances of misconduct occurred in the past, he must also establish a reasonable probability that the conduct was part of an official policy and there is a substantial likelihood that future violations will occur. *Id.* at 486. Chapman has not demonstrated a likelihood of success on the merits for any claim. The conduct he complains of took place over three years ago and he has not identified an official policy or pattern that would warrant injunctive relief. Moreover, there is an adequate remedy at law if Chapman's vague allegation of harassment rises to constitutional dimensions. Accordingly, Count One is dismissed.

## CONCLUSION

For the reasons stated above, the United States' motion to dismiss, (R. 44.), is granted.

Date: November 3, 2008          ENTERED:  /s/ Ruben Castillo
                                          Ruben Castillo
                                          United States District Judge